**Norbert Lee PELTIER and Larry Moore Pape, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 67839.

Court of Criminal Appeals of Texas, Panel No. 2.

Oct. 28, 1981.

State's Motion for Rehearing Denied Dec. 16, 1981.

Appellant's Motion for Rehearing Denied Jan. 20, 1982.

Jim Vollers, Austin, for Peltier.

Wardlow Lane, II, Pagosa Springs, Colo., for Pape.

Guy James Gray, Dist. Atty., Jasper, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, CLINTON and TEAGUE, JJ.

## OPINION

CLINTON, Judge.

In this appeal from a conviction for manufacture of methamphetamine the judgment must be reversed for the simple but basic reason that the State and accused never joined issue before the jury. The materials used to produce methamphetamine and a quantity of methamphetamine were seized by peace officers while executing a search warrant, and because of the likelihood of a new trial we will address one challenge to the sufficiency of the affidavit presented to the magistrate to obtain the search warrant. We decline to treat other grounds since they are not likely to reoccur in a new trial.[1]

From the transcription of the notes of the court reporter it appears the indictment was not read nor either appellant enter his plea in the presence of the jury. Indeed, at a hearing on motion for new trial, in which the omission was alleged as a ground, the State and appellants stipulated the facts that neither occurred and that there was no waiver.

Article 36.01, V.A.C.C.P. prescribes the order of proceeding at a jury trial. Items 1 and 2 mandate in pertinent part:

---

1. The sufficiency of evidence to support the jury verdict of guilty is raised, but only in the sense that the appellants were never specifically and pointedly identified in the courtroom as being the persons charged and about whom the officers and others testified by reference to their respective names.

"1. The indictment . . . shall be read to the jury by the attorney prosecuting. * *

2. . . . if the plea of not guilty is also relied upon, it shall also be stated."

Moreover, "[t]he primary pleading in a criminal action on the part of the State is the indictment. . . ," Article 27.01, V.A.C. C.P., and included in pleadings and motions available to the accused is a plea of not guilty, Article 27.02(4), V.A.C.C.P.[2]

▪ Since these statutory provisions emanate from the Old Code, authorities construing them, early and late, are plentiful. The essential point is that until the indictment is read and a plea is entered the issue is not joined between the State and the accused before the jury. *Johnson v. State*, 118 Tex.Cr.R. 291, 42 S.W.2d 782 (1931). In *Essary v. State*, 53 Tex.Cr.R. 596, 111 S.W. 927 (1908) the Court reviewed many prior cases establishing that thus joining issue is mandatory[3] and explained at 111 S.W. 930–931:

"The indictment is the basis for the prosecution. Among other things, its office is to inform the appellant of the charge laid against him, and one of the purposes of the requirement that it shall be read to the jury at the beginning of the prosecution is to inform them in precise terms of the particular charge laid against the defendant on trial. His plea thereto makes the issue. While it may be thought that this ground of objection is in its nature quite technical, it is, nevertheless, the right of every defendant to have the charge read against him and to have his plea entered therein. Such is the express provision of our statute, and this right has been recognized time out of mind by all the decisions of this court. It is of such a substantial nature that in all the decisions of this court it has been treated and regarded as mandatory. That it can be waived is well established, but such a waiver cannot be inferred; but in a case where the statute has been disregarded the burden rests upon the state to show such conduct and acts upon the part of the defendant as may, in fairness, be treated and regarded as a waiver. . . . and under the rule obtaining in this state for all these years the failure to observe this mandatory provision regulating the conduct of trials must be held, as we do now hold it to be, in itself violative of his rights and hurtful to his interest."

And closely in point to the facts of this case is *Theriot v. State*, 89 Tex.Cr.R. 428, 231 S.W. 777 (1921), the Court concluding that "the learned trial judge was in error in refusing a new trial upon the ground that it was affirmatively shown that the indictment was not read to the jury which tried and rendered against him the verdict of guilty."[4] Ground of error four must be sustained.

2. Article 27.16(a), V.A.C.C.P., provides that the plea of not guilty "may be made orally by the defendant or by his counsel in open court."

3. More recently in *Castillo v. State*, 530 S.W.2d 952 (Tex.Cr.App.1976) the Court examined many of the same decisions and concluded that "the order of proceedings set out in Art. 36.01, V.A.C.C.P., is mandatory and must be followed by the trial court," *id.*, at 953. Another part of that opinion is relied on by the State here for the proposition that failure of appellants to object waived any error. But the fact situation in *Castillo* was much different, for at issue there were whether error attended the denial of a motion for mistrial when the trial court allowed the prosecuting attorney to read the indictment after his chief witness had testified and it was recalled that it had not previously been read, and whether there was enough evidence to support the conviction based on the premise that the testimony heard before the indictment had been read was not properly available to the jury. The trial court refused to allow the State to reintroduce the testimony, and the Court held it should have, but "in the absence of an objection directing the court to the correct procedure" the Court further held the error was not preserved "*under the circumstances here presented*." We have neither problem in the case at bar. (All emphasis is mine unless otherwise indicated.)

4. Pointing to recitals in the court's charge and its judgment to the effect that the indictment was read and a not guilty plea entered, the State cites *Ward v. State*, 168 Tex.Cr.R. 493, 329 S.W.2d 887 (1960) to refute the claim that a plea was not entered. But here there is more than a claim. The District Attorney himself stipulated that appellants did not enter a plea

 In their first ground of error, appellants challenged for sufficiency the affidavit for search warrant on several bases. We need to consider only one for if appellants are correct on the law the defect is fatal.

Unlike the most common affidavit for search warrant, probable cause in this one is said to be derived from personal observations of the affiant and a fellow detective in Houston and in and around Buna, Jasper County. They claim to know that the "subjects," now appellants, "have" done certain things in both places relating to manufacturing methamphetamine and that they, the detectives, went to the suspected place and, detecting the strong odor of chemical and solvents that produce it, observed the suspects in the process of washing methamphetamine in an ether bath. But one reading the affidavit, as we are confident the magistrate did, simply cannot learn from it when the past activities occurred and when the observations were made.

The State recognizes the problem but would have us infer from the facts that the affidavit was handwritten and signed at 5:05 p. m. "that the averments set forth. . . were recently observed." However, there are so many other plausible explanations that such notion is no more than speculation.

 This Court, following the Supreme Court of the United States, steadfastly adheres to the following proposition stated in *Heredia v. State*, 468 S.W.2d 833, 835 (Tex. Cr.App.1971):

> "The facts attested to must be so closely related to the time of the issuance of the warrant as to justify a finding of probable cause at the time. *Sgro v. United States*, 287 U.S. 206, 53 S.Ct. 138, 77 L.Ed. 260, *Odom v. State*, 121 Tex.Cr.R. 209, 50 S.W.2d 1103; *Garza v. State*, 120 Tex.Cr.R. 147, 48 S.W.2d 625."

Accord: *Jones v. State*, 579 S.W.2d 240, 242 (Tex.Cr.App.1979). Given the tenses used throughout the affidavit, as in *Heredia*, "It is apparent that the magistrate could not ascertain the closeness of time sufficient to issue the warrant based on an independent judgment of probable cause," *id.*, at 835. To the same effect is *Gonzales v. State*, 577 S.W.2d 226, 228 (Tex.Cr.App.1979). Overruling objections and admitting evidence of fruits of the arrest of appellants and search of the premises were erroneous and require that ground of error be sustained.

The judgments are reversed and the causes remanded.

---

before the jury, did not waive doing so and that there were no other proceedings to contradict those statements. The presumption on appeal that the accused pleaded to the indictment does not apply when "it otherwise affirmatively appears to the contrary from the record," Article 44.24, V.A.C.C.P.