Graves v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-004-CR

Â Â Â Â Â HIAWATHA GRAVES,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the County Court
Limestone County, Texas
Trial Court # 18,988
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Hiawatha Graves was charged by information with the misdemeanor offense of possession of
marihuana over two ounces. The jury convicted him and assessed punishment at 180 days in the
county jail and a $1,500 fine. Graves appeals on five points.
Â Â Â Â Â Â In point four, Graves complains that the information charging him with possession of
marijuana was not read before the jury. In point five, Graves complains that he never entered a
plea. The State concedes that it failed to read the information before the jury and requests that the
cause be remanded for a new trial. See Tex. Code Crim. Proc. Ann. art. 36.01 (Vernon Supp.
1993); Peltier v. State, 626 S.W.2d 30 (Tex. Crim. App. [Panel Op.] 1981). Until the
information is read and a plea is entered, the issue is not joined between the State and the accused
before the jury. Peltier, 626 S.W.2d at 31. We sustain points four and five.
Â Â Â Â Â Â Grave's complains in his first point that the court erred in allowing evidence obtained from
an illegal search. Graves filed a motion to suppress evidence alleging the police conducted a
warrantless search of the premises. The State responded on three theories: consent, probable
cause plus exigent circumstances, and Grave's lack of standing to contest a warrantless search of
a co-defendant's home. The motion to suppress was heard on May 22 and July 10, 1992. No
transcription of the May 22nd portion of the hearing is before us. The court overruled the motion
by an order dated August 4.
Â Â Â Â Â Â Graves has failed to bring forward a sufficient record for our review. See Tex. R. App. P.
50(d). Thus, we do not reach point one. The propriety of the search remains an issue to be
determined at the new trial. 
Â Â Â Â Â Â Having sustained points four and five, we remand the cause for a new trial.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â BILL VANCE
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Before Chief Justice Thomas,
Â Â Â Â Â Â Â Â Â Â Justice Cummings, and
Â Â Â Â Â Â Â Â Â Â Justice Vance
Reversed and remanded
Opinion delivered and filed August 18, 1993
Do not publish



1:place>,

   Appellants

Â v.

Â 

Jimmy and Carolyn Dowell, 

Individually and on behalf 

of the Estate of 

Jonathan Lance Dowell, Deceased,

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Appellees

Â 

Â 

Â 



From the 170th District Court

McLennan County, Texas

Trial Court # 99-2717-4

Â 



DISSENTING Opinion



Â 








Â Â Â Â Â  This
is an appeal of a wrongful death and survival suit.Â  We should reverse and render.Â  Because the majority does not do so, I
respectfully dissent.

Â Â Â Â Â  In
AppellantsÂ first issue, they contend that there was no evidence of proximate
cause and no evidence that Appellants failed to perform an appropriate
psychiatric screening examination.Â  See 42 U.S.C. Â§Â 1395dd(a) (2000).

Â Â Â Â Â  Appellees
contend that Appellants waived their issue by failing to object to the
testimony of one of AppelleesÂ expert witnesses.Â  The cases cited by Appellees, to the extent
that they are on point, concern the waiver of objections to the methodological
reliability of expert testimony, not the sufficiency of the evidence.Â  See Mar.
Overseas Corp. v. Ellis, 971 S.W.2d 402, 409 (Tex. 1998); Crown
Cent. Petroleum Corp. v. Coastal Transp. Co., 38 S.W.3d 180, 190 (Tex.
App.ÂHouston [14th Dist.] 2001), revÂd, 136 S.W.3d 227 (Tex. 2004); Gen.
Motors Corp. v. Castaneda, 980 S.W.2d 777, 780 n.2 (Tex. App.ÂSan Antonio
1998, pet. denied).[1]Â  By
making an objection to the charge, filing a motion to disregard jury questions
and for judgment notwithstanding the verdict, and filing a motion for new
trial, all on the grounds that there was no evidence of proximate cause,
Appellants preserved their no-evidence complaint.Â  See
Kerr-McGee Corp. v. Helton, 133 S.W.3d 245, 259 (Tex. 2004); T.O.
Stanley Boot Co. v. Bank of El
 Paso,
847 S.W.2d 218, 220 (Tex.
1992).

Â Â Â Â Â  Lance
Dowell was admitted to the Providence Health
 Center emergency room for treatment of shallow
self-inflicted cuts to his wrists.Â  A
nurse employed by Appellants performed a psychological evaluation of
Lance.Â  Appellees contend that Appellants
failed to promulgate or enforce policies for psychological screenings, that the
nurse failed to perform an appropriate screening, and that these failures
caused LanceÂs death.Â  The undisputed
evidence was that when the nurse evaluated Lance, Lance was lucid, calm,
remorseful, stable, and not actively suicidal.Â 
There is no evidence that, if Appellants had recommended admission to
the DePaul Center, a psychiatric hospital, Lance would have agreed or could have
been compelled to be admitted.Â  After
Lance was released from Providence to Appellees, and until his death, they saw nothing out of the
ordinary about him except that he was Âmore withdrawn.ÂÂ  The day that he was released from the
hospital, Lance visited with his family, went to a rodeo, and visited with friends.Â  The next day, he had lunch with his family
and helped a friend bale hay.Â  About a
day and a half after he left Providence, Lance hanged himself.Â  AppelleesÂ expert testified, at most, that
had Lance been admitted to DePaul the probability that he would commit suicide
upon his release would have been reduced.

Â Â Â Â Â  Under
these facts, there is no evidence that AppellantsÂ conduct was a substantial
cause of LanceÂs death.Â  See IHS Cedars Treatment Ctr. of Desoto, Tex., Inc.
v. Ramos, 47 Tex. Sup. Ct. J. 666, 668-69, 2004 Tex. LEXIS 534, at *8-*13 (Tex. June 18, 2004); Marathon
Corp. v. Pitzner, 106 S.W.3d 724, 727 (Tex. 2003); St.
 Joseph Hosp. v. Wolff, 94 S.W.3d 513, 519-20 (Tex. 2002); Dallas County Mental
Health & Mental Retardation v. Bossley, 968 S.W.2d 339, 343-44 (Tex. 1998).Â 
Accordingly, we should sustain AppellantsÂ first issue.

Â Â Â Â Â  We
should, then, after sustaining AppellantsÂ first issue, reverse and render
judgment that Appellees take nothing from Appellants.Â  Therefore, we should not consider AppellantsÂ
other issues.

Â Â Â Â Â  Because
the disposition of the first issue would be dispositive of the appeal, I will
not discuss my disagreements with the remainder of the majorityÂs opinion.Â  I note only in passing that an estate, by
that name, is not a proper party to litigation.Â 
Embrey v. Royal Ins. Co. of Am., 22
S.W.3d 414, 415 n.2 (Tex.
2000); Price v. Estate of Anderson, 522
S.W.2d 690, 691 (Tex. 1975).Â  I
also note that two notices of appeal from the same judgment should bear the
same docket number on appeal.Â  Tex. R. App. P. 12.2(c).Â  Docketing this cause and Cause No. 10-01-00420-CV,
styled Pettit v. Dowell, as two
separate appeals was improper.

TOM
GRAY

Chief Justice

Dissenting
opinion delivered and filed October 6, 2004

Â 











[1] Â Â Â Â Â  See
also Coastal Transp. Co v. Crown Cent. Petroleum Corp., 136 S.W.3d 227,
231-33 (Tex. 2004); Kerr-McGee Corp. v. Helton, 133 S.W.3d
245, 252 (Tex. 2004).