NO. 12-02-00176-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


DAVID JACOB CONTRERAS,
§
 APPEAL FROM THE 89TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 WICHITA COUNTY, TEXAS

 

 David Jacob Contreras ("Appellant") appeals his conviction for possession of a controlled
substance for which he was sentenced to imprisonment for five years. Appellant raises one issue on
appeal. We affirm.


Background

 On December 15, 1995, acting on an anonymous tip, police detained Appellant in a bathroom
at the Wichita Falls, Texas bus station. Appellant had arrived on a bus from Chicago, Illinois at
approximately 10:15 p.m. and, at the time of his detention, was carrying a green duffle bag. When
officers asked Appellant's consent to search the duffle bag, Appellant refused. K-9 units were called
to the scene, and Smokey, a trained narcotics-detecting dog, indicated to officers that he detected
narcotics in Appellant's duffle bag.

 Police obtained a search warrant for Appellant's duffle bag based on the affidavit of officer
Bobby Dilbeck ("Dilbeck"). In his affidavit, Dilbeck testified that, among other things, (1) Appellant
had boarded a bus in Chicago to Wichita Falls, (2) Appellant's bus was scheduled to arrive between
10:15 and 10:30 p.m., (3) at approximately 10:15, Appellant's bus did arrive at the Wichita Falls bus
station, (4) Appellant was detained, but had refused consent to a search of his duffle bag, and (5) an
experienced narcotic detector dog, Smokey, indicated the presence of the odor of a controlled substance
emanating from Appellant's bag. The search warrant was dated December 15, 1995. The warrant states
the time of its issuance as "12:00 o'clock _.M," with a line drawn in the blank, leaving no indication
as to whether the time of issuance was 12:00 a.m. or p.m. on December 15. When police searched
Appellant's duffle bag, they discovered a large quantity of cocaine.

 Appellant was indicted for possession of more than four hundred grams of cocaine, a controlled
substance. Appellant filed a motion to suppress, arguing that the search warrant was fatally flawed
because it lacked adequate description as to the time of its issuance, and as a result did not demonstrate
that the act or event upon which probable cause was based occurred within a reasonable time prior to
its issuance. At the hearing on Appellant's motion to suppress, prior testimony given by Judge John
Keith Nelson, the magistrate who issued the search warrant, was introduced. (1) Judge Nelson testified
that he believed that the warrant had been issued at noon on December 15, 1995. Following a hearing,
Appellant's motion to suppress was denied. The matter proceeded to a bench trial at which Appellant
pleaded guilty, reserving his right to appeal the trial court's ruling on his motion to suppress. The trial
court sentenced Appellant to imprisonment for five years and this appeal followed.


Standard of Review

 At a hearing on a motion to suppress, the trial judge is the sole trier of fact and judge of the
credibility of the witnesses. See Maxwell v. State, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002);
Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). The appropriate standard for reviewing
a trial court's ruling on a motion to suppress is a bifurcated standard of review, giving almost total
deference to a trial court's determination of historical facts and reviewing de novo the court's application
of the law. See Maxwell, 73 S.W.3d at 281. "The appellate courts may review de novo 'mixed
questions of law and fact' not falling within this category." Id. 

 In accordance with these principles, de novo review is appropriate when an appellate court is
presented with a question of law based on uncontroverted testimony and there is no indication that the
trial court did not believe that testimony. State v. Ross, 32 S.W.3d, 853, 857-58 (Tex. Crim. App.
2000); Oles v. State, 993 S.W.2d 103, 105-06 (Tex. Crim. App. 1999); Maestas v. State, 987 S.W.2d
59, 62-63 n.8 (Tex. Crim. App. 1999). Here, the testimony of Judge Nelson, the magistrate who issued
the search warrant, conflicts with Dilbeck's affidavit testimony. Thus, we may review the trial court's
application of the law concerning reasonable suspicion and probable cause de novo, while affording
almost total deference to the trial court's determination of the historical facts. Guzman, 955 S.W.2d
at 89; Reynolds v. State, 962 S.W.2d 307, 309 (Tex. App.- Houston [14th Dist.] 1998, pet. ref'd). 
Where, as in the instant case, the trial judge does not make findings of fact and conclusions of law, we
must review the evidence in the light most favorable to the trial court's ruling. See Maxwell, 73 S.W.3d
at 281; Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); Vargas v. State, 18 S.W.3d
247, 251 (Tex. App.-Waco 2000, pet. ref'd). 


Search Warrants - Time of Issuance

 In his sole issue, Appellant contends that the search warrant was fatally flawed because it lacked
adequate description as to the time of its issuance, and as a result did not demonstrate that the act or
event upon which probable cause was based occurred within a reasonable time prior to its issuance. In
support of his argument, Appellant cites Gonzales v. State, 577 S.W.2d 226 (Tex. Crim. App. 1979),
Peltier v. State, 626 S.W.2d 30 (Tex. Crim. App. 1981), and Alvarez v. State, 750 S.W.2d 889 (Tex.
App.-Corpus Christi 1988, pet. ref'd). However, in each of these cases, the issue involved supporting
affidavits in which there were insufficient sworn facts to permit the reviewing court to determine when
the activities purportedly giving rise to probable cause occurred. See Peltier, 626 S.W.2d at 32;
Gonzales, 577 S.W.2d at 228; Alvarez, 750 S.W.2d at 891.

 The facts in the instant case are distinguishable from the cases on which Appellant relies. In the
case at hand, Dilbeck testified in his affidavit that (1) Appellant had boarded a bus in Chicago en route
to Wichita Falls, (2) Appellant's bus was scheduled to arrive between 10:15 and 10:30 p.m., (3) at
approximately 10:15 p.m., Appellant's bus did arrive at the Wichita Falls bus station, (4) Appellant was
detained, but had refused consent to search his duffle bag, and (5) an experienced narcotic detector dog,
Smokey, indicated the presence of the odor of a controlled substance emanating from Appellant's bag. 
 Technical discrepancies in dates or times do not automatically invalidate a search warrant. King
v. State, 856 S.W.2d 610, 613 (Tex. App.-Waco 1993, no pet.) (citing Green v. State, 799 S.W.2d 756,
759 (Tex. Crim. App. 1990)). The two objectives of the law concerning search warrants are to ensure
that there is adequate probable cause to search and to prevent a mistaken execution of the warrant
against an innocent third party. Green, 799 S.W.2d at 757. These objectives are not furthered by rigid
application of the rules concerning warrants. See id. We are convinced that the rights of society and
the best interests of third parties can best be protected by evaluating each search warrant individually
considering the totality of the circumstances. Id. We review technical discrepancies with a judicious
eye for the procedural aspects surrounding issuance and execution of the warrant. Id. To do otherwise
would defeat the purpose behind the warrant requirement, and provide protection for those to whom the
issue on appeal is not one based upon the substantive issue of probable cause but of technical default
by the State. Id. at 757-58. 

 Based upon our reading of Dilbeck's affidavit and taking his testimony as true, we conclude that
the trial court could have reasonably found that the facts set forth in the affidavit were "so closely
related to the time of the issuance of the warrant as to justify a finding of probable cause at that time." 
Peltier, 626 S.W.2d at 32. The trial court was further entitled to find that Judge Nelson's testimony as
to the time and date of issuance of the search warrant was less reliable than the more specific facts set
forth in Dilbeck's affidavit, especially considering the four years that lapsed between Judge Nelson's
issuance of the search warrant and his testimony concerning the same. Regardless of whether the time
or date on the search warrant in the instant case was entirely precise, we hold that the facts set forth in
the affidavit are sufficient to satisfy the requisites of the law that they be so closely related to the time
of the issuance of the warrant as to justify a finding of probable cause at that time. See id. Therefore,
viewing the evidence in a light most favorable to the trial court's ruling, we hold that the trial court
committed no error in denying Appellant's motion to suppress. Appellant's sole issue is overruled.

 Accordingly, we affirm the trial court's order denying Appellant's motion to suppress.


 JIM WORTHEN 

 Justice

Opinion delivered October 31, 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.





(DO NOT PUBLISH)
1. The hearing on Appellant's motion to suppress was conducted on September 6, 2000. The testimony of
Judge Nelson, who was no longer living on the date of the September 6, 2000 hearing, was from a previous hearing
held on August 3, 2000, more than four and-a-half years after the issuance of the search warrant in question was
introduced into evidence.