**Homer Clark STEELE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 01–10–00788–CR, 01–10–00789–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 11, 2011.

Discretionary Review Refused
March 7, 2012.

Danny Karl Easterling, Easterling & Easterling, P.C., Houston, TX, for Appellant.

Mandy Goldman Miller, Assistant District Attorney, Houston, TX, for The State of Texas.

Panel consists of Justices KEYES, HIGLEY, and BLAND.

## OPINION

LAURA CARTER HIGLEY, Justice.

Appellant, Homer Clark Steele, appeals judgments convicting him for indecency with a child and possession of child pornography. *See* TEX. PENAL CODE ANN. §§ 21.11(a)(1), (2)(B) (West Supp. 2010), 43.26(a) (West 2003). After the trial court denied his motion to suppress, appellant pleaded guilty to both charges. The trial

court assessed appellant's punishment at 20 years' imprisonment for indecency with a child and 10 years' imprisonment for possession of child pornography. On appeal, appellant contends that the trial court erred by denying his motion to suppress evidence obtained as a result of a search that he alleges was illegal on the ground that the affidavit supporting the search warrant was insufficient to establish probable cause. We conclude that the affidavit established probable cause and that the trial court properly denied appellant's motion. We affirm.

## Background

On January 26, 2009, Officer Brinson swore to an affidavit supporting a warrant to search appellant's apartment for, among other things, "images of persons who appear to be under the age of 18, engaged in sexual acts or posed in a manner to elicit sexual response or otherwise engaging in sexual conduct." The affidavit establishes the following: Officer Brinson was assigned to investigate appellant after Anthony Thumann reported to the Pasadena Police Department that he had reason to believe that appellant had been sexually assaulting young boys over the course of the preceding 40 years. Thumann reported that appellant was currently living with a young male named "C.S." and that C.S. had lived with appellant since C.S. was 10 years old. After filing his initial report, Thumann mentioned to Officer Brinson that while inside appellant's residence several years before, he had seen nude photographs depicting C.S. at 11 years old. Thumann reported that appellant was currently living with an 18–year–old male named "K.A."

The affidavit also recounts that after speaking with Thumann, Officer Brinson met with Grattan Broderick, who represented that appellant had been a friend of his family for the preceding 40 years. Broderick informed Officer Brinson that appellant had confided in him how he would pursue and sexually assault young boys. Appellant told Broderick that he preferred boys who were around 10 years old and living with a single mother. Appellant would offer to take the young boys into his care and then provide everything for them. Broderick reported to Officer Brinson that C.S. was currently living with appellant and that C.S. had lived with appellant since C.S. was 10 years old. Broderick added that appellant had told him how he had sexually assaulted C.S. during that time. He also stated that he knew of at least 10 other young boys that appellant had had in his home and sexually assaulted. Broderick further stated that appellant was currently living with an 18–year–old, named "K.A." Additionally, Broderick reported to Officer Brinson that while cleaning appellant's apartment several years before, he found photographs depicting nude young boys. Broderick also reported that five months before, appellant had shown him a photograph, which he had removed from his wallet, depicting a nude 15–year–old boy. When Broderick asked whom the photograph depicted, appellant told him it was K.A. Officer Brinson also stated in his affidavit that C.S. was born in June 1987 and K.A. was born in April 1990.

Officer Brinson further attested that he had been personally involved in the arrest of no fewer than 50 persons involved in child sexual exploitation and that, based on his own investigative experience as well as his conversations with more experienced investigators, he was aware that "people with a sexual interest in children, people who buy, produce, trade, or sell child pornography, and people who molest children ... [tend to] collect sexually explicit ... photographs ... depicting children, which they ... rarely, if ever, dispose of ... and

[which they] treat[ ] as prized possessions." Officer Brinson additionally attested,

> These people collect, and maintain photographs of children they have been involved with. These photographs may depict children ... in various stages of undress, or totally nude.... These photographs are rarely, if ever, disposed of and are revered with such devotion that they are often kept upon the individual's person, in wallets and on diskettes. If a picture of a child is taken by such a person, depicting the child in the nude, there is a high probability the child was molested before, during, or after the photograph taking session....

On January 27, 2009, Officer Brinson executed the search warrant. Officer Brinson knocked on the front door of appellant's one-bedroom apartment. Appellant answered the door. Brinson asked if anyone else was inside the apartment, and appellant replied that 18–year–old K.A. was in the bed. Officer Brinson asked appellant if he had a billfold. Appellant handed Brinson the billfold. Inside, Brinson found three nude photographs of K.A., at the ages of 14, 15, and 17 years old. After being read the statutory and *Miranda* warnings and transported to the police station, appellant admitted to having engaged in sexual relations with young boys for the past 30 years. Specifically, appellant admitted that he had engaged in sexual relations with K.A. since he had begun living with him at the age of 11 years. Appellant admitted having taken the photographs of K.A. during that time. Appellant also admitted to having sexual relations with C.S. while he lived with appellant from the age of 10 years until he finished high school.

Appellant was indicted for indecency with a child and possession of child pornography. Prior to trial, appellant filed a motion to suppress the evidence seized from his apartment or the evidence obtained as a result of the search, including appellant's own oral statements and the statements of the two complainants. Appellant based his motion on the contention that the search warrant was invalid because it was not supported by probable cause. The trial court denied appellant's motion to suppress.

### Denial of Motion to Suppress

In his sole issue on appeal, appellant contends that the trial court erred by denying his motion to suppress because the affidavit supporting the search warrant was insufficient as to probable cause and thus violates the Fourth Amendment to the United States Constitution, section nine of article one of the Texas Constitution, and articles 18.01 and 18.02 of the Texas Code of Criminal Procedure. *See* U.S. Const. amend. IV; Tex. Const. art. I, § 9; Tex.Code Crim. Proc. Ann. arts. 18.01 (West Supp. 2010), 18.02 (West 2005). Specifically, appellant contends that the affidavit was not detailed enough to allow a magistrate to determine when the events occurred and whether the information was stale.[1]

### A. Standard of Review

■■■ We review a trial court's ruling on a motion to suppress under a bifurcated standard of review. *McKissick v. State*, 209 S.W.3d 205, 211 (Tex.App.-Houston [1st Dist.] 2006, pet. ref'd). We give almost total deference to the trial court's determination of historical facts that depend on credibility, while we review de novo the trial court's application of the law

---

1. The dissenting opinion faults the search-warrant affidavit for being based on hearsay. However, appellant does not challenge the sufficiency of the affidavit on that ground.

to those facts. *Id.* Thus, we review de novo the trial court's application of the law of search and seizure and probable cause. *Id.* However, our review of an affidavit in support of a search warrant is not de novo; rather, great deference is given to the magistrate's determination of probable cause. *Id.*

The duty of a reviewing court, including a reviewing trial court, is simply to ensure that the magistrate had a substantial basis for concluding that the probable cause existed. *Illinois v. Gates*, 462 U.S. 213, 238–39, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983). The substantial-basis standard of review "does not mean the reviewing court should be a rubber stamp but does mean that the magistrate's decision should carry the day in doubtful or marginal cases, even if the reviewing court might reach a different result upon de novo review." *Flores v. State*, 319 S.W.3d 697, 702 (Tex.Crim.App.2010) (quoting W. LaFave, *Search and Seizure: A Treatise on the Fourth Amendment* § 11.7(c) at 452 (4th ed. 2004 & Supp. 2009–2010)).

### B. Applicable Law

No search warrant may issue unless supported by an affidavit setting forth substantial facts establishing probable cause for its issuance. TEX.CODE CRIM. PROC. ANN. arts. 1.06, 18.01(b) (West 2005 & Supp. 2009). "Probable cause to support the issuance of a search warrant exists where the facts submitted to the magistrate are sufficient to justify a conclusion that the object of the search is probably on the premises to be searched at the time the warrant is issued." *Davis v. State*, 202 S.W.3d 149, 154 (Tex.Crim.App.2006). In reviewing the affidavit supporting the warrant, an appellate court is limited to the "four corners" of the affidavit. *Id.; Jones v. State*, 833 S.W.2d 118, 123 (Tex.Crim. App.1992). The supporting affidavit is interpreted in a commonsensical and realis-

tic manner, drawing all reasonable inferences. *Davis*, 202 S.W.3d at 154; *Jones*, 833 S.W.2d at 123–24. Probable cause ceases to exist if at the time the search warrant is issued, it would be unreasonable to presume the items remain at the suspected place. *Rowell v. State*, 14 S.W.3d 806, 809 (Tex.App.-Houston [1st Dist.] 2000), *aff'd*, 66 S.W.3d 279 (Tex.Crim.App. 2001) (citing *Guerra v. State*, 860 S.W.2d 609, 611 (Tex.App.-Corpus Christi 1993, pet. ref'd)). "The proper method to determine whether the facts supporting a search warrant have become stale is to examine, in light of the type of criminal activity involved, the time elapsing between the occurrence of the events set out in the affidavit and the time the search warrant was issued." *Id.* (citing *Hafford v. State*, 989 S.W.2d 439, 440 (Tex.App.-Houston [1st Dist.] 1999, pet. ref'd); *Guerra*, 860 S.W.2d at 611). "When the affidavit recites facts indicating activity of a protracted and continuous nature, i.e., a course of conduct, the passage of time becomes less significant." *Id.* (*Lockett v. State*, 879 S.W.2d 184, 189 (Tex.App.-Houston [14th Dist.] 1994, pet. ref'd)). The lack of a specific date in a search-warrant affidavit is not necessarily fatal to the validity of a search warrant. *Jones v. State*, 338 S.W.3d 725, 735–38 (Tex.App.-Houston [1st Dist.] 2011, pet. filed).

### C. Analysis

Appellant contends that a reader of the affidavit supporting the search warrant cannot discern when Thumann filed his initial report with the Pasadena Police Department, when Officer Brinson was assigned to the case, when Officer Brinson interviewed Thumann, or when Officer Brinson interviewed Broderick. Although the affidavit omits the specific dates of these events, it contains references to time. Appellant contends, however, that

the affidavit lacks a frame of reference that one would need to interpret these time references. We disagree.

The affidavit establishes that both Thumann and Broderick stated that appellant was currently living with an 18–year–old male, named K.A. Appellant contends that the word "currently" is meaningless because the affidavit fails to specify when Thumann and Broderick made these statements to Officer Brinson. The affidavit, however, also establishes that K.A. was born in April 1990. Thus, Thumann and Broderick must have made these statements during or after April 2008, when K.A. attained 18 years of age.[2]

The affidavit also provides:

Mr. Broderick stated in his statement that approximately 5 months ago that [sic] that [appellant] pulled out a Polaroid picture out [sic] of his wallet and showed it to Mr. Broderick. Mr. Broderick stated that it was a picture of a young male approximately 15 years of age, that [sic] was naked.

Appellant contends the phrase "approximately 5 months ago" is meaningless because the affidavit fails to specify when Broderick made this statement. However, K.A.'s date of birth, which the affidavit reflects as April 1990, establishes that Broderick made this statement during or after April 2008. Moreover, Officer Brinson also stated in his affidavit, "Based on the forgoing information, I have reason to believe and do believe that [appellant] on or about August 1, 2008 did commit the felony offense, including Possession / Promotion of Child Pornography." August 1 was almost six months before the signing of the affidavit. The magistrate could have reasonably concluded that appellant showed Broderick the nude photograph of

K.A. around August 1. Accordingly, Broderick must have made this statement during or after August 2008.

The affidavit also provides expert testimony that persons sexually attracted to children tend to collect sexually explicit photographs of children, treating the photographs as prized possessions, of which they rarely dispose. The affidavit further states that such persons specifically collect photographs of children whom they have been with and that they often keep such photographs in their wallets. Appellant, however, contends that the affidavit fails to link this information to him. We disagree. Both Thumann and Broderick stated that on separate occasions several years before, each had personally observed that appellant possessed, in his residence, nude photographs of young boys with whom he had had sexual relations. In addition, Broderick reported that he knew of at least 10 other young boys that appellant had sexually abused in his home. Moreover, as recently as five to six months prior to the execution of the search warrant, appellant had shown Broderick a photograph from his wallet of a nude 15–year–old boy. Because we read the affidavit, signed in early January 2009, in a commonsensical and realistic manner, drawing all reasonable inferences, we conclude that the magistrate could have reasonably concluded that appellant continued to be in possession of child pornography. *See Flores,* 319 S.W.3d at 703 (holding anonymous tip regarding "narcotic activity" on unspecified date was sufficient when considering all circumstances); *McKissick,* 209 S.W.3d at 215 (magistrate could have reasonably inferred that illegal activity described in affidavit, possession of child pornography, was

---

**2.** During the punishment phase of trial, Officer Brinson testified that Thumann filed his initial report on December 27, 2008.

of continuous and protracted nature making the passage of time less relevant); *Morris v. State,* 62 S.W.3d 817, 823 (Tex. App.-Waco 2001, no pet.) (where affidavit indicates activity of continuous nature, magistrate could have reasonably inferred that appellant had pornography in his possession for substantial period of time, i.e., one-and-a-half years); *Burke v. State,* 27 S.W.3d 651, 655–56 (Tex.App.-Waco 2000, pet. ref'd) (evidence of child pornography one year prior to issuance was not stale).

We hold that the trial court did not err by denying appellant's motion to suppress because the affidavit supporting the search warrant contained evidence that appellant continued to be in possession of child pornography at the time the search warrant was issued and executed.

We overrule appellant's sole issue.

## Conclusion

We affirm the judgment of the trial court.

Justice KEYES dissenting.

EVELYN V. KEYES, Justice, dissenting.

I respectfully dissent. The affidavit supporting the warrant to search the home of appellant, Homer Clark Steele, was based entirely on hearsay information taken at unspecified times from two informants of unknown credibility and reliability who reported appellant's activities at similarly unspecified times and places in the past. I would hold that probable cause was not shown on the face of the warrant under which appellant's home was searched, providing the evidence upon which he was arrested and convicted of possession of child pornography and indecency with a child. I would hold that the trial court erred in denying appellant's motion to suppress. I would, therefore,

reverse appellant's conviction and remand for a new trial.

As the majority states, on January 26, 2009, Officer Brinson swore to an affidavit supporting a warrant to search appellant's apartment for, among other things, "images of persons who appear to be under the age of 18, engaged in sexual acts or posed in a manner to elicit sexual response or otherwise engaging in sexual conduct." The warrant was executed the next day.

In his affidavit, Officer Brinson averred that he was assigned to investigate appellant after Anthony Thumann, a person about whom no details were given in the affidavit, reported to the Pasadena Police Department on an unspecified date that he had reason to believe that appellant had been sexually assaulting young boys over the course of the preceding forty years. Thumann reported that appellant was currently living with a young male named "C.S." and that, when he was inside appellant's residence several years before his report, he had seen nude photographs depicting C.S. at eleven years old. The affidavit stated that C.S. was born in June 1987, making him twenty-one years old at the time of Officer Brinson's affidavit. Thumann also reported that appellant was currently living with an eighteen-year-old male named "K.A.," born in April 1990.

The affidavit also contained the hearsay statements of Grattan Broderick, who represented that appellant has been a friend of Broderick's family for the preceding forty years, but whose reliability and credibility was not otherwise established. Broderick made general statements accusing appellant of pursuing and sexually assaulting young boys. Broderick represented that C.S. had lived with appellant since C.S. was ten years old and was currently living with appellant and that appellant had told him that he had sexually assaulted C.S. during that time, i.e., at some

unspecified time or times during the preceding eleven years. Broderick further stated that, while cleaning appellant's apartment several years before, he had found photographs depicting nude young boys and that, five months before his statement to police, appellant had shown him a photograph depicting a nude fifteen-year-old boy, which appellant had removed from his wallet. Appellant told Broderick that the boy in this photograph was K.A. No fact reported in the affidavit was specifically dated or was within Officer Brinson's personal knowledge or based on any observation of his own. The only activity alleged to be ongoing by the informants was appellant's living with two young adult males, an activity not in itself illegal.

In his sole issue on appeal, appellant contends that the trial court erred by denying his motion to suppress because the affidavit supporting the search warrant was insufficient to show probable cause and thus violated the Fourth Amendment to the United States Constitution, section nine of article one of the Texas Constitution, and Code of Criminal Procedure articles 18.01 and 18.02. *See* U.S. CONST. amend. IV; TEX. CONST. art. I, § 9; TEX. CODE CRIM. PROC. ANN. art. 18.01 (West Supp. 2010), art. 18.02 (West 2005). I agree.

Texas law provides that "[n]o search warrant shall issue for any purpose ... unless sufficient facts are first presented to satisfy the issuing magistrate that probable cause does in fact exist for its issuance" and that "[a] sworn affidavit setting forth substantial facts establishing probable cause shall be filed in every instance in which a search warrant is requested." TEX.CODE CRIM. PROC. ANN. art. 18.01(b) (West Supp. 2010); *see also Illinois v. Gates,* 462 U.S. 213, 238–39, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983) (holding that magistrate must have substantial ba-

sis for concluding that probable cause exists). "Probable cause for a search warrant exists if, under the totality of the circumstances presented to the magistrate, there is at least a 'fair probability' or 'substantial chance' that contraband or evidence of a crime will be found at the specified location." *Flores v. State,* 319 S.W.3d 697, 702 (Tex.Crim.App.2010) (quoting *Gates,* 462 U.S. at 243 n. 13, 103 S.Ct. at 2335 n. 13). In reviewing the affidavit supporting the warrant, an appellate court is limited to the "four corners" of the affidavit. *See Davis v. State,* 202 S.W.3d 149, 154 (Tex.Crim.App.2006); *Jones v. State,* 833 S.W.2d 118, 123 (Tex. Crim.App.1992). We interpret the supporting affidavit in a commonsensical and realistic manner, drawing all reasonable interferences. *Davis,* 202 S.W.3d at 154; *Jones,* 833 S.W.2d at 124.

To issue a search warrant, a magistrate must "determine (1) that it is *now probable* that (2) contraband ... *will be* on the described premises (3) when the warrant is executed." *United States v. Grubbs,* 547 U.S. 90, 96, 126 S.Ct. 1494, 1500, 164 L.Ed.2d 195 (2006) (emphasis in original); *see also* TEX.CODE CRIM. PROC. ANN. art. 18.01(c) (West Supp. 2010) (providing that search warrant may not issue unless sworn affidavit sets forth sufficient facts to establish probable cause that items constituting evidence to be searched for are at particular place to be searched); *Davis,* 202 S.W.3d at 154 ("Probable cause to support the issuance of a search warrant exists where the facts submitted to the magistrate are sufficient to justify a conclusion that the object of the search is probably on the premises to be searched at the time the warrant is issued."); *Jones v. State,* 338 S.W.3d 725, 736 (Tex.App.-Houston [1st Dist.] 2011, pet. filed) ("A magistrate must be able to ascertain from the affidavit the closeness of time of the event that is the basis for probable cause sufficient to

issue the warrant based on an independent judgment of probable cause.").

A search warrant affidavit must have a sufficient "level of specificity ... as to [the] time" of an event supporting probable cause so that the magistrate would have a "reasonable basis to infer that [the event] occurred at a time that would substantiate a reasonable belief that the object of the search [is] on the premises to be searched at the time the warrant ... issue[s]." *See Davis*, 202 S.W.3d at 155, 157 n. 23; *see Peltier v. State*, 626 S.W.2d 30, 32 (Tex.Crim.App.1981) ("The facts attested to must be so closely related to the time of the issuance of the warrant as to justify a finding of probable cause at the time.") (quoting *Heredia v. State*, 468 S.W.2d 833, 835 (Tex.Crim.App.1971)); *Jones*, 338 S.W.3d at 736 (holding same) (quoting *Sgro v. United States*, 287 U.S. 206, 210, 53 S.Ct. 138, 140, 77 L.Ed. 260 (1932)).

When the information in an affidavit fails to "give[ ] a time frame that would corroborate the existence of [the item sought] on the premises when the warrant was requested," it is "insufficient to support the issuance of a warrant." *Davis*, 202 S.W.3d at 155; *see Sherlock v. State*, 632 S.W.2d 604, 608 (Tex.Crim.App.1982) (holding that affidavit is "inadequate if it fails to disclose facts which would enable the magistrate to ascertain from the affidavit that the event upon which the probable cause was founded was not so remote as to render it ineffective"). "The proper method to determine whether the facts supporting a search warrant have become stale is to examine, in light of the type of criminal activity involved, the time elapsing between the occurrence of the events set out in the affidavit and the time the search warrant was issued." *McKissick v. State*, 209 S.W.3d 205, 214 (Tex.App.-Houston [1st Dist.] 2006, pet. ref'd). How-

ever, "[w]hen the affidavit recites facts indicating activity of a protracted and continuous nature—*i.e.,* a course of conduct—the passage of time becomes less significant." *Id.* (citing *Lockett v. State*, 879 S.W.2d 184, 189 (Tex.App.-Houston [14th Dist.] 1994, pet. ref'd)).

An affiant may use hearsay to show probable cause so long as there is a substantial basis for crediting it. *Wilkerson v. State*, 726 S.W.2d 542, 545 (Tex.Crim. App.1986) (quoting *Hennessy v. State*, 660 S.W.2d 87, 91 (Tex.Crim.App.1983)); *Jones*, 338 S.W.3d at 734–35 (holding that information from confidential informant was reliable and credible where affidavit referred to previous instances in which informant provided correct information to police, affiant's own investigation and controlled buy of contraband confirmed information, and second informant supplied same information to police); *McKissick*, 209 S.W.3d at 212 (holding task of magistrate in issuing search warrant "is to make a practical, common sense decision whether, given all the circumstances set forth in the warrant's supporting affidavit, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place").

However, when an affidavit in support of a search warrant based on information obtained from an informant fails to state when the affiant received the information from the informant, when the informant obtained his information, or when the incident described took place, the affidavit is inadequate to support the issuance of a search warrant. *See Schmidt v. State*, 659 S.W.2d 420, 421 (Tex.Crim.App.1983) (holding affidavit that failed to recite when incident described took place insufficient to support issuance of search warrant).

Here, Officer Brinson's affidavit supporting the search warrant for appellant's apartment is based entirely on information received by the Pasadena Police Department from two informants, Thumann and Broderick.[1] The affidavit does not state when Thumann filed his initial report with the Pasadena Police Department, when Officer Brinson was assigned to the case, or when Officer Brinson interviewed Thumann or Broderick. Nor does it provide any information about Thumann or Broderick, other than appellant's alleged longtime friendship with Broderick's family. Nor does it establish any reason for believing the information of either informant to be reliable and credible other than the confirmation of their information from the results of execution of the search warrant itself. And ex post facto confirmation of the reliability of information in a search warrant affidavit cannot be used to establish reliability for the purpose of establishing probable cause to obtain the warrant in the first place. There is, therefore, no basis for the magistrate to have relied upon the credibility and reliability of these informants. *See Wilkerson*, 726 S.W.2d at 545 (holding that hearsay may be relied on to show probable cause when substantial basis exists for crediting it); *McKissick*, 209 S.W.3d at 212 (including veracity and basis of knowledge of persons supplying hearsay information in circumstances to be considered by magistrate in issuing search warrant). Therefore, because the affidavit was based entirely on hearsay with no substantial basis provided for crediting it, the affidavit was insufficient to support the issuance of a search warrant. *See Schmidt*, 659 S.W.2d at 421 (holding affidavit insufficient when it failed to state when affiant received information from informant, when informant obtained information, or when described incident took place).

Moreover, all the information recited in the affidavit regarding indecency with a child was based on hearsay in the form of actions taken or remarks allegedly made at unspecified times in the past by appellant to the informants. And both the references in Officer Brinson's affidavits to statements made by these informants regarding appellant's alleged activities and their statements regarding appellant's possession of child pornography referred to events "several years ago" and "approximately 5 months ago." The information on which the affidavit was based thus lacked the specificity of time required of a search warrant affidavit. *See id.; Jones*, 338 S.W.3d at 736 (requiring facts in affidavit to be "closely related to the time of the iss[uance] of the warrant").

In addition, the information provided by the informants referring to those remote times was stale, and, on that ground as well, it provided no reason for the magistrate to believe that either possession of pornography or indecency with a child was taking place at appellant's residence on the date the affidavit was issued. *See Sgro*, 287 U.S. at 210, 53 S.Ct. at 140 (requiring proof in affidavit to be of facts "so closely related" to time of issuance of warrant as

---

1. Officer Brinson's statements in the affidavit regarding his belief that contraband would be found in appellant's apartment based on his experience in investigating the possession of child pornography are not factual statements regarding contraband to be found on appellant's premises or of activity occurring on appellant's premises. They are, instead, expert opinion testimony based on the affiant's assumption of the truth of the informants' statements and of the truth of appellant's status as a person in possession of child pornography. They are, therefore, irrelevant to the establishment of probable cause. *See* Tex. Code Crim. Proc. Ann. art. 18.01(b)-(c) (West Supp. 2010); *Davis v. State*, 202 S.W.3d 149, 155, 157–58 (Tex.Crim.App.2006).

to "justify a finding of probable cause at that time"); *Davis,* 202 S.W.3d at 157 n. 23 ("It is the officer's identification of the chemical odor with the manufacture of methamphetamine that lends sufficient specificity as to make reasonably available the inference that such activity is going on at that particular premises at that particular time."); *Peltier,* 626 S.W.2d at 32 (holding affidavit insufficient to support probable cause when one "cannot learn from [the affidavit] when the past activities occurred and when the observations were made").

The only facts referenced in the affidavit referring to current activity—namely, that appellant was currently living with an eighteen-year-old male, K.A., and a twenty-one-year-old male, C.S.—provided neither information regarding appellant's current possession of child pornography nor information regarding appellant's current commission of indecency with a child.

Moreover, none of the cases relied upon by the majority to support its finding that the information in the affidavit was sufficiently specific and timely to support the search warrant support such a conclusion in this case. *See Flores,* 319 S.W.3d at 703 (holding that magistrate had substantial basis for determining that probable cause existed where affidavit, which recited information received from anonymous tip from informer in February 2007 regarding "narcotic activity" on unspecified date, included several details about defendant and residence that were later confirmed; officer found residue that field-tested positive for marihuana in garbage can located on street directly in front of residence on March 1, 2007; officer found marihuana stems, seeds, and residue in garbage can on March 5; and search warrant was issued on March 6 and executed on March 7); *McKissick,* 209 S.W.3d at 215 (holding that information in affidavit was not stale

where defendant whose camera was seized admitted taking photographs of buttocks of young girls on beach on day of his arrest and facts on which warrant was based occurred primarily between March 29 and April 2, 2002, when affidavit was subscribed and sworn to); *Morris v. State,* 62 S.W.3d 817, 819, 823–24 (Tex.App.-Waco 2001, no pet.) (finding probable cause to issue warrant to search for child pornography on defendant's computer where, on April 7, 2000, defendant's former lover informed Wal–Mart loss-prevention officer investigating theft of electronic equipment that defendant had child pornography on his computer; loss prevention officer informed police, and police interviewed informant on same day, April 7, 2000; informant said that he had seen photographs of nude children on defendant's computer at end of February 2000, some dated November and December 1999 and January 2000, and he said that defendant had told him in March 2000 that he had downloaded more photographs onto computer; and search warrant was issued and executed on same day, April 7, 2000); *Burke v. State,* 27 S.W.3d 651, 654–56 (Tex.App.-Waco 2000, pet. ref'd) (finding information regarding child pornography on computer not stale where search warrant dated November 23, 1998, was based on information from November 19, 1998 interview with child sexually assaulted by defendant on November 9, 1998, during which child had stated that defendant had shown her photos of nude females with her head pasted on them and child had also stated that defendant "keeps nude photos on his dark gray laptop computer" and that he had assaulted her little sister; and where affidavit was further based on follow-up interview of child's little sister on same day, November 19, 1998, in which child stated that defendant had sexually assaulted her in September or October of

1997 and had shown her sexually explicit photos of children and adults at that time).

None of these cases are remotely like the instant case in approving the issuance of a search warrant supported by an affidavit based on nothing more than the hearsay statements of two witnesses of unknown reliability and credibility regarding vague allegations of possession of child pornography and indecency with children reported as having taken place at unspecified times over forty years. The allegations of child abuse were reported at a time when both of the only two specifically identified alleged victims were adults and when no observation of pornographic material had occurred more recently than five months prior to Officer Brinson's interview with Broderick.

Under these circumstances, I cannot agree that the criteria for a finding of probable cause for issuance of a search warrant were met. Therefore, I would conclude that issuance of the search warrant violated appellant's constitutional and statutory rights, and I respectfully dissent.

## Conclusion

I would hold that the trial court erred in denying appellant's motion to suppress. I would therefore reverse and remand the case for a new trial.