

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ANTONIO BARBA DUENAS, | § | No. 08-18-00022-CR |
| Appellant, | § | Appeal from the |
| v. | § | 41st District Court |
| | § | |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| | § | |
| Appellee. | § | (TC# 20100D02223) |
| | § | |

**O P I N I O N**

Appellant, Antonio Barba Duenas, pleaded *nolo contendere* to two counts of possession with intent to promote child pornography. In accordance with a plea agreement, the trial court deferred a finding of guilt and placed Duenas on deferred probation for ten years. Having obtained permission to appeal prior to entering his plea, Duenas raises a single issue: whether the trial court erred when it denied his pretrial motion to suppress the evidence seized during a search of his residence pursuant to a search warrant. Finding no error, we affirm.

**BACKGROUND**

On September 9, 2009, Duenas took an Acer laptop computer to Sage Computers, a computer repair shop, for repair and backup services. While backing up files on Duenas' Acer

laptop, technicians, Manuel Quintero and Gabriel Herrera, found a file folder labeled "Charm6" which contained 700-750 images of child pornography. Joe Rivera, an owner of the shop, reported the discovery of the images to the National Center for Missing Exploited Children, but gave the laptop back to Duenas when he returned to the shop to retrieve it. A few days later, Duenas returned to the shop with the Acer laptop seeking additional repairs. When the technicians performed the additional work, they noticed the "Charm6" file was removed from the laptop's hard drive. After their work on the laptop was complete, the technicians returned the laptop to Duenas.

On October 14, 2009, Robert Hanner, a detective with the El Paso Police Department's Internet Crimes Against Children/Cyber Unit, received information from the National Center for Missing and Exploited Children's Cyber Tip Line advising him of the events that had occurred with Duenas' Acer computer. After interviewing Mr. Rivera and Mr. Quintero, and after obtaining a positive identification of Duenas via his image on his driver's license, Detective Hanner conducted a two-day surveillance at Duenas' residence, which matched the address on his driver's license. Detective Hanner observed that a vehicle parked at the residence was also registered to Duenas.

On October 19, 2009, Detective Hanner swore out an affidavit for a search warrant at Duenas' residence seeking to seize any "computers and storage devices," including the Acer laptop, on which images and video files containing child pornography were likely to be found. In addition to the facts described above, Detective Hanner included in the affidavit reasons he believed other computers and storage devices containing evidence of child pornography would be found at Duenas residence. Specifically, he stated:

The detective is aware that persons who access, share, or download files, including the images and video files depicting persons under the age of 18 in nude or lewd poses or engaged in sexual conduct, typically keep numerous files of this type in their computers and/or storage devices for long periods of time. This is done for the purpose of fantasizing and/or recalling sexual encounters(s) with their victims; the affiant has attended training seminars conducted by experts (local and out of town) in the field of child abuse and child exploitation and learned that these experts will attest to this.

The detective, a trained computer forensics examiner, is aware that even if persons attempt to delete these type files or images the files can be forensically retrieved by a trained computer forensics examiner.

On October 22, 2009 at 7:40 a.m., the search warrant was executed at Duenas' residence in Duenas' absence. Among the items seized by law enforcement were 3 computers, 217 floppy discs, and 727 computer discs. The Acer laptop was not among the items seized at that time. The search resulted in the seizure of 34,500 images of child pornography, including the "Charm6" file.

On May 18, 2010, Duenas was charged by indictment with 48 counts of possession of child pornography and 2 counts of possession with intent to promote child pornography. Before trial, Duenas sought to suppress the evidence obtained via the search warrant on the grounds, among others, that the affidavit "fail[ed] to satisfy the constitutionally and statutorily required tests for the existence of probable cause to search and seize certain items." Specifically, he complained there were no facts contained within the affidavit that would give rise to the magistrate's determination that computers, other than the Acer laptop, would be found at Duenas' residence or that they would contain evidence of child pornography. After a hearing, in which Detective Hanner testified, the trial court denied the motion to suppress. Duenas filed a motion to reconsider, which was also denied. Duenas subsequently entered into a plea agreement with the State, which allowed him to plead *nolo contendere* to two counts of possession with intent to

promote child pornography in exchange for dismissal of the remaining counts.

## DISCUSSION

Here, Appellant complains that the trial court erred by denying his pretrial motion to suppress the evidence seized during the search of his residence because he contends the warrant affidavit failed to set forth sufficient facts to establish probable cause that computers, other than the Acer laptop, and other storage devices were located in his residence or that they contained evidence of child pornography.

### I. Substantial Basis Standard of Review

A reviewing court normally reviews a trial court's ruling on a motion to suppress by using a bifurcated standard of review, which gives almost total deference to findings of fact, including credibility determinations, and reviewing *de novo* the trial court's application of the law. *State v. McLain*, 337 S.W.3d 268, 271 (Tex.Crim.App. 2011). "However, when the trial court is determining probable cause to support the issuance of a search warrant, there are no credibility determinations, rather the trial court is constrained to the four corners of the affidavit." *Id.* Accordingly, when we review a magistrate's probable cause determination, we "apply a highly deferential standard because of the constitutional preference for searches to be conducted pursuant to a warrant as opposed to a warrantless search." *Id.* "As long as the magistrate had a substantial basis for concluding that probable cause existed, we will uphold the magistrate's probable cause determination." *Id.* Moreover, "[r]eviewing courts should not 'invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than commonsense, manner.'" *Id.* at 272, (citing *Rodriguez v. State*, 232 S.W.3d 55, 61 (Tex.Crim.App. 2007). "When in doubt, the appellate court should defer to all reasonable inferences that the magistrate could have made." *Id.*

4

**II. Fair Probability and Probable Cause**

A warrant affidavit must contain sufficient facts to satisfy the magistrate that probable cause does in fact exist for its issuance. *See* TEX.CODE CRIM.PROC.ANN. art. 18.01(b). Specifically, a warrant affidavit seeking to search and seize property or other items, must, at a minimum, set forth sufficient facts to establish probable cause: (1) that a specific offense has been committed; (2) that the specifically described property or items constitute evidence of that offense or evidence that a particular person committed that offense; and (3) that the property or items are located at or on the person, place, or thing to be searched. TEX.CODE CRIM.PROC.ANN. art. 18.01(c). The probable cause standard is met when the issuing magistrate makes "a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983); *Rodriguez*, 232 S.W.3d at 60 (citing *Gates)*.

While Appellant acknowledges the sufficiency of facts alleged in the warrant affidavit establishing "ample" probable cause that the Acer laptop would be located at his home and that it could contain forensic evidence of child pornography, he contends the warrant affidavit contained insufficient facts establishing probable cause that *other* computers and storage devices would be found at his home or that they would contain evidence of child pornography. His argument rests on his characterization as mere "suspicion" the recitation of facts, learned through experience and training, by Detective Hanner regarding behavior "typically" exhibited by individuals who possess child porn.

**III. Officer's Experience and Training and Probable Cause**

5

Appellant points us to no case that holds an officer's statement based on his experience and training is always insufficient to support a determination of probable cause, and we have found none. Rather, whether a police officer's expertise is sufficient to support the establishment of particular fact is generally within the magistrate's discretion. *See eg., Checo v. State*, 402 S.W.3d 440, 449-450 (Tex.App.—Houston [14th Dist.] 2013, pet. ref'd)(upholding probable cause determination where officer's statement in warrant affidavit for search of computer that those who engage children in sexually explicit manner often collect child porn on their computers was based solely on his experience, training, and discussions with other experienced investigators); *see also, Steele v. State*, 355 S.W.3d 746, 751-52 (Tex.App.—Houston [1st Dist.] 2011, pet. ref'd)(relying on similar statements in officer's warrant affidavit).

Here, Detective Hanner included in his affidavit knowledge he acquired through his experience with child porn cases and his training on how to investigate such cases. Specifically, the affidavit alleged that Detective Hanner was currently assigned to the Internet Crimes Against Children/Cyber Unit, and that he had attended training seminars given by experts on child abuse and child exploitation in which "typical" behavior by individuals who seek and obtain this kind of material, was discussed. He learned that "typically" these individuals do not discard the pornographic images they acquire, rather they "keep" and "store" them "for long periods of time." Moreover, according to Detective Hanner, even if the images were "deleted" from a computer, evidence of their existence could be obtained by a trained computer forensic examiner, such as himself. In addition to these averments, the warrant affidavit alleged facts establishing that a personal computer owned by Appellant contained a digital file containing 700-750 images depicting children between the ages of 5 and 14, in "various states of partial and full nudity."

6

Alleged facts also established that those images were removed from Appellant's personal computer while the computer was in his possession.

Given the quantity of images found on the Acer computer, the subsequent removal of those images from the Acer computer while in Appellant's possession, the fact that Appellant was the only person seen in possession of, and had access to, the Acer computer containing the child pornography, as well as Detective Hanner's statement that images of this kind are typically kept and stored or can be forensically identified on other computers, we believe the magistrate had a substantial basis for determining there was a fair probability that the images removed from the Acer computer had been either transferred to another computer or storage device within Appellant's possession or control, or that these items, including the Acer laptop, could contain forensic evidence of child pornography. The fact that the search of Appellant's residence turned up several computers and a large number of storage devices, some of which did not contain child pornography, does not render the warrant search invalid.

Nor is the omission of an express statement that the images were in fact "transferred" from the Acer computer to another computer or storage device fatal to the affidavit. To hold otherwise would require us to interpret the affidavit in a hypertechnical manner, which we cannot do. *Rodriguez*, 232 S.W.3d at 59. It is enough that the magistrate could infer from the totality of the facts alleged that there existed a fair probability that *evidence* of the 700-750 pornographic images would likely be found at the residence on either the Acer computer or on other computers or storage devices in Appellant's possession. *Id*. at 62 ("[W]e focus on the combined logical force of facts that *are* in the affidavit, not those that are omitted from the affidavit.").

**CONCLUSION**

7

For these reasons, the trial court's judgment is affirmed.


February 21, 2020

                              YVONNE T. RODRIGUEZ, Justice

Before Alley, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)