Opinion issued October 15, 2015



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-14-00516-CR**

**NO. 01-14-00517-CR**

**NO. 01-14-00518-CR**

**NO. 01-14-00519-CR**

**NO. 01-14-00520-CR**

———————————

**HUGO D. PACHAS-LUNA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 230th District Court
Harris County, Texas
Trial Court Case Nos.  1370904, 1370905, 1370906, 1370907, and 1370908

# MEMORANDUM OPINION

The trial court convicted appellant Hugo D. Pachas-Luna of five counts of possession of child pornography[1] and assessed his punishment for each count at eight years' incarceration in the Texas Department of Criminal Justice, Institutional Division, with the sentences to run consecutively. In a single issue, appellant contends that the trial court erred in denying his motion to suppress evidence because the search warrant affidavit failed to establish probable cause. We affirm the trial court's judgment.

## Background

On December 10, 2012, Corporal Lee of the Harris County Precinct Four Constable's Office swore to a twenty-one page affidavit supporting a warrant to search appellant's residence for data and images of child pornography and requesting permission to "seize at the search location all the computer hardware, software, and peripherals that are believed to potentially contain some or all of the contraband."

Corporal Lee testified in his affidavit that he conducted an online investigation into the trafficking of child pornography in Harris County via peer-to-peer file-sharing networks on August 9, 2012.[2] The specialized software

---

[1] *See* TEX. PENAL CODE ANN. § 43.26 (West Supp. 2013).

[2] Although Corporal Lee's affidavit delves into far greater detail regarding the technology involved and the manner in which he determined that the IP address was sharing and downloading child pornography, it is not necessary for the court to do so in light of the disposition of this appeal.

Lee was using to conduct this investigation allowed him and other investigators to identify materials that an individual or a computer has "downloaded over a specific period," using IP addresses. During his investigation, Lee determined that IP address 98.194.180.106 had files within its shared folders that appeared to contain child pornography. Lee subpoenaed "the subscriber assigned to the IP address, based upon . . . the dates and times the IP address was seen downloading what are believed to be child pornographic images or videos," from Comcast Internet Services, the internet service provider associated with the IP address. On August 20, 2012, Comcast responded to the subpoena, identifying appellant as "the subscriber who was utilizing the I.P. address of 98.194.180.106 on 08/05/12 at 2042 hrs and 04/14/12, at 2057 hrs GMT" and listing appellant's address as 18107 Fairhope Oak. Lee testified that he took photographs of 18107 Fairhope Oak on August 23, 2012, and he included two such photographs in his affidavit which showed a single-family suburban house. Lee also conducted additional checks of IP address 98.194.180.106, in November and December 2012, which confirmed that the address was still sharing files that appeared to be child pornography.

Based upon his experience and training, Lee testified that people who have a sexual interest in children or minors often collect sexually explicit materials depicting children, including photographs, motion pictures, and videotapes. According to Lee, such individuals "rarely, if ever, dispose of their sexually

explicit materials," which they consider to be "prized possessions." Often, these individuals "use the computer to electronically exchange pictures of children . . . engaged in sexual activity. These illegal images can be stored on the computer or floppy disks, and viewed on the computer monitor anytime the subject chooses." Based on his experience in this area, Lee testified that "collections of child pornography will more than likely be located in the suspect's home," because a "high degree of privacy is necessary to enjoy the collection." Lee had previously verified that the IP address was linked to a residence.

Lee further testified:

Affiant also knows from his training and experience that digital material has the capability of remaining on devices designed to store them for an indefinite period of time including weeks, months, and years. Unlike drugs, the user does not consume Child Pornography; rather they are stored and kept for an indefinite period of time.

Although such individuals "go to great lengths to conceal and protect from discovery, theft, and damage, their collections of illicit materials," Lee testified that it is possible to "recover data that has been deleted from a computer hard drive, as well as storage media."

Based on Lee's affidavit, a search warrant was executed on December 12, 2012. During that search of appellant's residence, police discovered numerous hard drives containing more than 18,000 images and videos of child pornography.

Appellant, who was later charged with five counts of possession of child pornography, filed a motion to suppress alleging that the affidavit lacked sufficient probable cause to support the search of his house. The trial court held a hearing on the motion to suppress at the beginning of appellant's bench trial and, after hearing the testimony of the affiant and the arguments of counsel, denied the motion.

**Preservation of Error**

A motion to suppress is a specialized objection to the admission of evidence. *Rothstein v. State*, 267 S.W.3d 366, 373 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd). "[A] complaint is not preserved for appeal unless it was made to the trial court 'by a timely request, objection or motion' that 'stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context.'" *Resendez v. State*, 306 S.W.3d 308, 312 (Tex. Crim. App. 2009) (quoting TEX. R. APP. P. 33.1); *see also* TEX. R. EVID. 103.

"The purpose of requiring a specific objection in the trial court is twofold: (1) to inform the trial [court] of the basis of the objection and give [it] the opportunity to rule on it; (2) to give opposing counsel the opportunity to respond to the complaint." *Resendez*, 306 S.W.3d at 312. To preserve error, a party "must be specific enough so as to 'let the trial [court] know what he wants, why he thinks himself entitled to it, and do so clearly enough for the judge to understand him at a

time when the trial court is in a proper position to do something about it.'" *Id.* at 313 (quoting *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)). A party fails to preserve error when the error urged on appeal is different from the objection made in the trial court. *See Rothstein*, 267 S.W.3d at 373.

We consider the context of the objections in the trial court to determine if the party preserved error. *See Resendez*, 306 S.W.3d at 313. Accordingly, we review appellant's motion to suppress and the suppression hearing to determine if the complaint was apparent from the context. *See id.* at 314–16; *Rothstein*, 267 S.W.3d at 374–75 & n.5; *see also Keeter v. State*, 175 S.W.3d 756, 760 (Tex. Crim. App. 2005) (stating that issue may be preserved for appeal when litigated during hearing on motion to suppress and legal and factual questions intertwined). If the context shows that appellant failed to effectively communicate his argument to the trial court, then the error is deemed waived on appeal. *Lankston*, 827 S.W.2d at 909.

In his pretrial motion to suppress evidence, appellant argued that: (1) the affidavit did not show probable cause sufficient to justify the issuance of the search warrant because the affidavit did not contain sufficient facts from which a magistrate could have determined that (a) child pornography was located at that physical address, or (b) Corporal Lee was credible; and (2) the search warrant was illegally issued because the issuing magistrate was misled by information in the

6

affidavit that Lee knew or should have known was false. During the hearing on the motion to suppress, appellant further argued that the affidavit was insufficient to establish probable cause because: (1) although Lee testified that he determined that the hash values that he observed were child pornography by asking "other investigators" if they had seen these hash values before, he did not provide any information from which the magistrate could determine whether the "other investigators" were credible; and, (2) the information in the affidavit linking the IP address to appellant and the 18107 Fairhope Oak address was stale.

On appeal, appellant contends that the search warrant affidavit failed to demonstrate probable cause because, among other reasons:

1) Lee stated that he was using an "online database" and "software" to perform his investigation, but the affidavit did not provide a name or any other information from which a magistrate could determine that the database and software were reliable,

2) Lee omitted a verb from a key phrase used in the affidavit ("which [___] several unique files. . ."),

3) Lee's statements that several of the files he observed had "titles that were indicative of child porn" and other files were "labeled as child notables" are conclusory and uncredited,

4) the connection to 18107 Fairhope Oak is not substantiated because either Lee subpoenaed subscriber information for IP address 98.194.180.106 for the wrong dates or Comcast provided information for the wrong dates,

5) Lee failed to corroborate that appellant actually resided at the 18107 Fairhope Oak address in August, as indicated by Comcast's response to the subpoena,

6) although Lee identified the "approved investigation techniques" that he learned during the course of his training, the facts set forth in the affidavit indicate that Lee did not utilize those approved techniques in this investigation, and

7) Lee did not provide any information from which the magistrate could determine whether the opinions of the "other investigators" were reliable.[3]

Appellant, however, did not argue to the trial court that the affidavit was insufficient to establish probable cause for any of these reasons. Because these appellate arguments do not comport with appellant's arguments to the trial court, we hold that appellant has not preserved these arguments for our review. *See Foster v. State*, 874 S.W.2d 286, 289 (Tex. App.—Fort Worth 1994, pet. ref'd) (holding that arguments regarding deficiencies in affidavit and search warrant not raised in motion or presented at suppression hearing were not preserved for appellate review); TEX. R. APP. P. 33.1(a)(1) (requiring party to raise specific ground in trial court as prerequisite for appellate complaint); *see e.g.*, *Richardson v. State*, No. 01–04–00833–CR, 2006 WL 488661, at *3 (Tex. App.—Houston [1st Dist.] Mar. 2, 2006, pet. ref'd) (mem. op., not designated for publication) (citing

---

[3] At the hearing on appellant's motion, appellant argued that the affidavit was insufficient to establish probable cause because Lee did not provide any information from which the magistrate could determine whether the "other investigators" were *credible*. *See State v. Smith*, 335 S.W.3d 706, 714 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) (noting that credibility and reliability are different concepts).

*Foster*, 874 S.W.2d at 289) (holding defendant's argument that search warrant affidavit failed to establish probable cause based on staleness of information and lack of factual allegations demonstrating reliability of canine unit were not preserved because defendant only argued to trial court that affidavit failed to establish probable cause due to lack of factual allegations demonstrating reliability and credibility of informant).

### Motion to Suppress

We will limit our discussion to the only appellate complaints that appellant has preserved for our review—whether the reference to a different IP address on page 6 of the affidavit is irrelevant and should be excluded from our probable cause evaluation and whether the information in the affidavit was stale.

### A.    Standard of Review

Normally, we review a trial court's decision on a motion to suppress using a bifurcated standard, deferring to the trial court's findings of historical facts and reviewing de novo the application of law. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007). However, when a trial court determines probable cause to support the issuance of a search warrant, the court is "constrained to the four corners of the affidavit" and does not make any credibility determinations. *State v. McLain*, 337 S.W.3d 268, 271 (Tex. Crim. App. 2011). We apply a highly deferential standard when reviewing a magistrate's decision to issue a warrant

9

because of the constitutional preference for searches to be conducted pursuant to a warrant as opposed to a warrantless search. *Id.*; *see also* U.S. CONST. amend. IV (providing that no warrants may issue, whether for arrest or search, in absence of probable cause). The magistrate's probable cause determination will be upheld as long as the magistrate had a substantial basis for concluding that probable cause existed. *McLain*, 337 S.W.3d at 271; *Rodriguez v. State*, 232 S.W.3d 55, 60 (Tex. Crim. App. 2007).

To determine whether probable cause exists, the magistrate must consider the totality of the circumstances in deciding whether there is a fair probability that contraband or other evidence of a crime will be found at the specified location. *Rodriguez*, 232 S.W.3d at 60. A finding of "fair probability" cannot be based on "mere ratification of the bare conclusions of others." *Illinois v. Gates*, 462 U.S. 213, 239, 103 S. Ct. 2317, 2333 (1983). When reviewing an issuing magistrate's determination, we should interpret the affidavit in a commonsensical and realistic manner, recognizing that the magistrate may draw reasonable inferences. *Rodriguez*, 232 S.W.3d at 61. Ultimately, our inquiry focuses on "whether there are sufficient facts, coupled with inferences from those facts, to establish a 'fair probability' that evidence of a particular crime will likely be found at a given location." *Id.* at 62. When in doubt, we defer to all reasonable inferences that the magistrate could have made. *Id.* at 61.

## B. Typographical Error

Appellant argues on appeal that the following two sentences on page 6 of the affidavit are "essentially meaningless, inconsistent, and pertain[] to an unrelated IP address" and should be excluded from our probable cause evaluation:

> An additional check of IP 98.194.180.196 conducted on 12/07/12 shows the IP has continued to have files within its shared folders and those files all have files which are indicative of being child pornographic in nature and was last observed as of 11/13/12. This additional check provided information that the IP address has been observed on one (1) network between the dates of 08/27/11 and 09/03/12.

Although appellant did not raise these arguments below in support of his motion to suppress, the affidavit's reference to a different IP address (98.194.180.196) was discussed at the end of the suppression hearing when the trial judge brought the matter to counsels' attention. The State responded that the reference to IP address 98.194.180.196 was a typographical error, as demonstrated by Lee's testimony, and appellant's counsel argued that it was not a typographical error, without further elaboration.

Assuming, without deciding, that appellant preserved this issue for our review, appellant's argument is unavailing because the magistrate could have reasonably inferred that the lone reference to IP address 98.194.180.196 in the affidavit was a typographical error based on the other information included within the four corners of the document. Specifically, after discussing the computer

11

program and methodology he generally employs in such investigations, Corporal Lee averred that he "located IP address 98.194.180.106," which contained files that appeared to be child pornography. Lee then refers to an "additional check" of IP address 98.194.180.<u>196</u>, and states that this "additional check" showed that the IP address "continue[d]" to share child pornography. Additionally, Lee testified in his affidavit that he requested information from Comcast "based upon the dates and times the IP address was seen downloading" child pornography, indicating that Lee meant to refer only to a single IP address in his affidavit. He further averred that Comcast responded to the subpoena and identified appellant as the subscriber who was utilizing IP address 98.194.180.106 on the dates and times requested. Based on the totality of the information set forth in the affidavit, including the fact that the only other references in the document are to IP address 98.194.180.<u>106</u>, and that there was no suggestion in the affidavit that Lee was looking at any other IP addresses in the course of this investigation, we conclude that the magistrate could have reasonably inferred that Corporal Lee meant "98.194.180.106" when he inadvertently typed "98.194.180.<u>196.</u>" *See Rodriguez*, 232 S.W.3d at 61 (stating appellate courts should interpret affidavits in commonsensical and realistic manner and that when in doubt, courts defer to all reasonable inferences magistrate could have made).

## C.     Staleness

Appellant argues that the information in the affidavit from August 2012 was stale when the warrant was executed on December 12, 2012.

To support the issuance of a warrant, the facts relied upon in the affidavit must not have become "stale" by the time the warrant is issued. *McKissick v. State*, 209 S.W.3d 205, 214 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). The proper method to determine whether the facts supporting a search warrant have become stale is to examine, in light of the type of activity involved, the time that has elapsed between the occurrence of the events set out in the affidavit and the time the search warrant was issued. *Steele v. State*, 355 S.W.3d 746, 750 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd). When making such a determination, courts also consider the type of property to be seized and the probability that the property may have been relocated. *Kennedy v. State*, 338 S.W.3d 84, 93 (Tex. App.—Austin 2011, no pet.). "However, where the affidavit properly recites facts indicating activity of a protracted and continuous nature, a course of conduct, the passage of time becomes less significant," and "in appropriate circumstances, years could pass without information becoming stale." *Jones v. State*, 364 S.W.3d 854, 861 & n.35 (Tex. Crim. App. 2012) (citations omitted).

This court and others have concluded that, due to the continuous and protracted nature of the offense, the passage of time does not necessarily render

information stale in cases involving possession of child pornography. *See McKissick*, 209 S.W.3d at 215 (holding possession of child pornography was of continuous and protracted nature therefore making passage of time less relevant for purpose of probable cause determination); *State v. Cotter*, 360 S.W.3d 647, 653–54 (Tex. App.—Amarillo 2012, no pet.) (holding four-month old information was not stale due to continuing nature of activity of possession of child pornography); *see generally United States v. Allen*, 625 F.3d 830, 842–43 (5th Cir. 2010) (holding lapse of eighteen months did not render information stale in child pornography case); *United States v. Richardson*, 607 F.3d 357, 370 (4th Cir. 2010) (same; four-month old information); *United States v. Morales–Aldahondo*, 524 F.3d 115, 119 (1st Cir. 2008) (same; three-year old information), *cert. denied*, 555 U.S. 1005, 129 S. Ct. 512, 172 (2008).

Here, Corporal Lee's affidavit demonstrates that IP address 98.194.180.106 was linked to appellant at the residential address of 18107 Fairhope Oak and that the IP address was downloading what appeared to be child pornography on April 14, 2012 and August 5, 2012. That same IP address had files within its shared folders that appeared to contain child pornography on August 9, 2012, November 13, 2012, and on December 7, 2012. The search warrant was executed on December 12, 2012, five days after the IP address was last observed with what appeared to be child pornography. Corporal Lee testified in his affidavit that

14

people who have a sexual interest in children often collect images and videos of child pornography and that such illicit materials are considered "prized possessions" and are "rarely, if ever, dispose[d] of" by the collector. These "collections of child pornography will more than likely be located in the suspect's home," because a "high degree of privacy is necessary to enjoy the collection." "Unlike drugs, the user does not consume Child Pornography; rather they are stored and kept for an indefinite period of time." And, even if the collector attempts to delete such files, it is possible to "recover data that has been deleted from a computer hard drive, as well as storage media."

Considering the affidavit as a whole and the reasonable inferences it supports, we conclude that the issuing magistrate had a substantial basis to find that a fair probability existed that images depicting child pornography would continue to be on or recoverable from a computer device that would be readily accessible to appellant at the residential address stated in the search warrant. *See Rodriguez*, 232 S.W.3d at 60–62; *McKissick*, 209 S.W.3d at 215. Accordingly, we conclude that the information contained in Corporal Lee's affidavit was not stale. *See McKissick*, 209 S.W.3d at 215; *see also Allen*, 625 F.3d at 843; *Richardson*, 607 F.3d at 370; *Morales–Aldahondo*, 524 F.3d at 119.

We overrule appellant's sole issue.

## Conclusion

We affirm the trial court's judgment.

Russell Lloyd
Justice

Panel consists of Justices Keyes, Massengale, and Lloyd.

Do not publish.   TEX. R. APP. P. 47.2(b).