**PD-1373 & 1374 & 1375-15**

_____

IN THE COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS

_____

EX PARTE: KERRY G. JONES

*Petitioner /Appellant.*

_____

FROM THE 230TH DISTRICT COURT OF HARRIS COUNTY, TEXAS
TRIAL COURT NO. 1283328-A & 1283329-A & 1283330-A

COURT OF APPEALS NO. 14-14-00488-CR & 14-14-00489-CR & 14-14-00490-CR

_____

**PETITION FOR DISCRETIONARY REVIEW**
_____

JAMES D. LUCAS
2316 Montana Avenue
El Paso, Texas 79903
Tel: (915) 532-8811
Fax: (915) 532-8807
SBN 12658300
jlucas2@elp.rr.com

Attorney for Petitioner/Appellant
KERRY G. JONES

RECEIVED IN
COURT OF CRIMINAL APPEALS

December 1, 2015

ABEL ACOSTA, CLERK

**TABLE OF CONTENTS**

TABLE OF CONTENTS..................................................................................................i, ii

IDENTITY OF THE PARTIES....................................................................................iii

INDEX OF AUTHORITIES.........................................................................................iv

STATEMENT REGARDING ORAL ARGUMENT........................................................1

STATEMENT OF THE CASE.......................................................................................2

STATEMENT OF PROCEDURAL HISTORY................................................................2

GROUNDS PRESENTED.............................................................................................3

ARGUMENT................................................................................................................4

1.    By failing to address whether the content-based facts alleged in a search warrant affidavit were illegally obtained from electronic transaction logs maintained by PayPal so as to warrant a suppression remedy, the court of appeals has so far departed from the accepted and usual course of judicial proceeding as to call for an exercise of the Court of Criminal Appeals' power of supervision.................................................................................................4

    A.    The Relevant Facts..................................................................................4

    B.    Legal Analysis........................................................................................9

2.    The issue of whether content-based electronic information maintained by a third party intermediary's transaction logs is protected from warrantless search under the Fourth Amendment and by Article 1, Section 9 of the Texas Constitution is an issue of both state and federal law which has not, but should be, settled by the Texas Court of Criminal Appeals........................................13

3.    The court of appeals' determination that probable cause can exist to issue a search warrant where a specific offense is not identified and that the facts alleged in the search warrant affidavit can almost never become stale where the

objective of the search warrant is to locate  child pornography has resulted in the decision of an important question of state law in a way which conflicts with applicable decisions of the United States Supreme Court...............................16

PRAYER.................................................................................................................20

CERTIFICATE OF COMPLIANCE.....................................................................20

CERTIFICATE OF SERVICE...............................................................................21

APPENDIX.............................................................................................................23

## IDENTITY OF THE PARTIES

**For Petitioner Kerry G. Jones:**

James D. Lucas
Writ and Appellate Attorney
2316 Montana Avenue
El Paso, Texas 79903

Sergio A. Saldivar
Writ Co-counsel
2301 Montana Avenue
El Paso, Texas 79903

**For the State of Texas:**

Alan Curry, Trial Counsel
Assistant District Attorney
1201 Franklin, Suite 600
Houston, Texas 77002

Devon Anderson
District Attorney
Appellate Counsel
1201 Franklin, Suite 600
Houston, Texas 77002

Lisa McMinn
Appellate Counsel

**JUDGE**:

Hon. Brad Hart
230th District Court of
Harris County, Texas

# INDEX OF AUTHORITIES

**FEDERAL CASES**                                                                    **PAGES**

*Crispin v. Christian Audigier, Inc.*, 717 F.Supp.2d 965, 991 (C.D.Cal.2010)..........15

*Ornelas v. United States*, 517 U.S. 690, 696 (1996).................................................17

*Sgro v. United States*, 287 U.S. 206, 211 (1932)......................................................17

*United States v. D'Andrea*, 497 F.Supp.2d 117, 120 (D.Mass.2007)........................11

*United States v. Forrester*, 512 F.3d 500, at 511 (9th Cir. 2007)..............................15

*United States v. Hambrick*, 225 F.3d 656 (4th Cir.2000) (unpublished)..................11

*United States v. Hamilton*, 701 F.3d 404 (4th Cir. 2012).........................................14

*United States v. Perrine*, 518 F.3d 1196, 1204 (10th Cir.2008)......................9, 10, 11

*United States v. Perez*, 247 F. Supp. 2d 459, 483-484(S.D.N.Y. 2003)...................19

*United States v. Warshak*, 631 F.3d 266, 288 (6th Cir. 2010).....................................14

*United States v. Zavala*, 541 F.3d 562, 577 (5th Cir.2008).................................15, 16

**CASE**
*Russo v. State*, 228 S.W3d 779, 802 (Tex.App.–Austin 2007, pet. ref'd)...............11

**STATUTE**
Tex. Code Crim. Proc. art. 11.072...............................................................2, 7, 12

**CONSTITUTIONS**

U.S. CONST. amend. IV.........................................................................13, 14, 16

TEX. CONST. art. I, § 9............................................................................13, 16

**STATEMENT REGARDING ORAL ARGUMENT**

Petitioner requests oral argument in this case and believes oral argument would be helpful. The application of the Fourth Amendment law in the area of electronically stored and transmitted information is relatively novel and its contours have not been directly addressed by the Texas Court of Criminal Appeals. This case offers this Court a meaningful opportunity to address the manner in which the Fourth Amendment and Texas law are to be applied to computer searches and searches of electronic media.

**STATEMENT OF THE CASE**
**AND STATEMENT OF PROCEDURAL HISTORY**

This petition for discretionary review concerns the decision of the trial court to deny the Petitioner, Kerry Jones, relief on the article 11.072 writ application he filed. CR 2. Jones filed his writ application on July 9, 2012. Id. On May 1, 2014, an evidentiary hearing was held on Jones' writ application. RR 1,1. At the conclusion of the hearing, the trial court denied Jones' relief on his writ application. RR 1, 209. After the evidentiary hearing, the trial court made written findings of fact and conclusions of law, which were filed on May 12, 2014. CR 85-89. Jones filed his notice of appeal as to all three causes of action on May 30, 2014. CR 91.

Jones thereafter filed his appellate briefs with the Fourteenth Court of Appeals. The State did not file any response briefs. On August 18, 2015, the Fourteenth Court of Appeals handed down a written opinion affirming the trial court's denial of writ relief. On September 17, 2015, Jones filed a motion for rehearing and a motion to extend time to file this motion for rehearing with the Fourteenth Court of Appeals. The motion to extend time to file motion for rehearing was granted on September 24, 2015. However, the motion for rehearing was overruled on September 29, 2015.

## GROUNDS FOR REVIEW

1.    The court of appeals erred by failing to consider whether content-based facts alleged in a search warrant affidavit were illegally derived from electronic transaction logs maintained by PayPal so as to warrant a suppression remedy.

2.    The court of appeals erred by not recognizing that content-based electronic data maintained in a third party intermediary's transaction logs is protected from warrantless search under the Fourth Amendment and by Article 1, Section 9 of the Texas Constitution.

3.    The court of appeals erred in determining that probable cause existed to issue a search warrant when a specific criminal offense has not been identified and in ruling that the facts alleged in the search warrant affidavit can almost never become stale where the objective of the search warrant is to locate child pornography.

1.    **By failing to address whether the content-based facts alleged in a search warrant affidavit were illegally obtained from electronic transaction logs maintained by PayPal so as to warrant a suppression remedy, the court of appeals has so far departed from the accepted and usual course of judicial proceeding as to call for an exercise of the Court of Criminal Appeals' power of supervision**

**A.  The Relevant Facts**

Petitioner, Kerry Jones, was convicted of unlawful possession of child pornography after a search of his residence took place on February 19, 2009 pursuant to a state search warrant resulted in the finding of child pornography on a computer. The search warrant was issued based on an affidavit signed by Juanae S. Thompson, a law enforcement officer of the Department of Homeland Security, Immigration and Customs Enforcement. CR 1,9. Pages 14 through 20 of Juanae Thompson's affidavit stated in relevant part:

> Your Affiant received this case for investigation as a result of a joint investigation between the ICE RAC/Birmingham office, the ICE Cyber-Crimes Center (C3) Child Exploitation Section (CES), the U.S. Postal Inspection Service (USPIS), the U.S. Department of Justice (DOJ) Child Exploitation and Obscenity Section (CEOS), and the U.S. Attorney's Office for the Northern District of Alabama into a criminal organization operating a commercial child pornography web sites [sic] on the internet identified as "Home Collection." ICE agents determined that the organization was operating in excess of 18 commercial child pornography web sites and in addition, the organization was determined to be utilizing multiple PayPal accounts to process the payments made by individuals purchasing memberships to the child pornography web sites. Approximately 5000 United States targets have been identified as being

members of these child pornography sites. RR 1, Defendant's Exh. 2, pp. 14-15.

Reports indicate that on October 12, 2006 at approximately 21:37:06 PDT an individual using the e-mail address of kgj01@hotmail.com purchased a membership to "Lust Collections" (aka Angel Collection 1007) for $79.95 payable, via PayPal, to Belfastltd@juno.com. Belfastltd@juno.com was determined by ICE/C#/CES to be associated with one of the multiple PayPal accounts operated by the criminal organization to facilitate the processing of membership payments to the commercial child pornography web sites. Id., at 15....

ICE agents were able to purchase undercover memberships to "Angel Collection 1007" (aka Lust Collection) and were able to verify the web site as a commercial child pornography site Id. ....

In addition, ICE agents were able to obtain screen captures of "Lust Collections" advertising web page. The screen captures also verify the web site as a commercial child pornography site Id. at 16. ....

Reports indicate that on November 1, 2006 at approximately 20:58:52 PST an individual using the e-mail address of kgj01@hotmail.com purchased a membership to "Hot Girls Photos" (aka Angel Collection 1010) for $79.95 payable, via PayPal, to Belfstltd@juno.com was determined by ICE/C3/CE3 to be associated with one of the multiple PayPal accounts operated by the criminal organization to facilitate the processing of membership payments to the commercial child pornography web sites Id., at 17....

Reports indicate that on January 21, 2007 at approximately 20:41:35 PST an individual using the e-mail address of kgj01@hotmail.com purchased a membership to "Real Lola Issue #2" for $79.95 payable, via PayPal, to Bsofteawh@yahoo.com. Bsofteawh@yahoo.com was determined by ICE/C3/CES to be associated with one of the multiple PayPal accounts operated by the criminal organization to facilitate the processing of membership payments to the commercial child pornography web sites. ICE agents were able to obtain screen captures of "Real Lolas #2" advertising web page. The screen captures verify the web site as a commercial child

pornography web site Id., at 19. ....
Reports indicate that on January 25, 2007 at approximately 20:51:12 PST an individual using the e-mail address of kgj01@hotmail.com purchased a membership to "Plazma Girls" for $79.95 payable, via PayPal, to Bsofteawh@yahoo.com. Bsofteawh@yahoo.com was determined by ICE/C3/CES to be associated with one of the multiple PayPal accounts operated by the criminal organization to facilitate the processing of membership payments to the commercial child pornography web sites. ICE agents were unable to obtain membership to the "Plazma Girls" website nor were they able to obtain screen captures of the advertising web page. Id, at 19-20.

ICE Special Agents were able to obtain all PayPal buyer and seller transactional logs for all transactions associated with the criminal organization and the commercial child pornography web sites and the subscribers. ICE agents obtained buyer contact information by extracting every buyer e-mail address from the seller' PayPal transactional logs and submitting those e-mail addresses to PayPal. PayPal then pulled buyer contact information for each buyer and provided said information to ICE Agents. Id., at 20.

In addition to e-mail transactional logs, PayPal also provided ICE agents with buyer-contact information which identified kgj01@hotmail.com as Kerry Jones, 901 Country Place Dr #192, Houston, Texas 77079; listed Jones' associated day phone number as 281-293-5018 and listed his night phone number as 281-493-9826. PayPal also linked 8 other incomplete purchase attempts to this same e-mail address and, with regard to these purchase attempts, listed an associated mailing address of 800 Country Place Dr #1001, Houston, Texas 77079. CR 18-19. None of the child pornography seized during the search of Jones' residence came from any of the websites identified in the search warrant affidavit. CR 20.

Prior to the date Jones pled guilty to all three child pornography possession charges, his trial counsel failed to file and pursue a motion to suppress illegally-seized evidence as to these charges based on: (a) the theory that the facts alleged in the search warrant affidavit were insufficient to establish probable cause that an offense had been committed; or (b) that the facts alleged in the search warrant affidavit were themselves a product of illegally-seized evidence. RR 1, 52. Jones argued that his trial counsel rendered ineffective assistance of counsel in an article 11.072 post-conviction writ application Jones filed. However, the trial court rejected this argument and determined that Jones had failed to meet his burden of proving that his trial counsel rendered ineffective assistance.

On appeal, Jones asserted as his first point for review of his principal brief that the trial court erred in denying his claim that his trial counsel rendered ineffective assistance by not filing and pursuing a motion to suppress the child pornography seized from his apartment under the fruit of the poisonous tree doctrine. Specifically, Jones asserted on page 18 of his brief the factual basis for his claim that his trial counsel rendered a deficient performance by failing to move to suppress the digital images of child pornography taken from a computer in Jones' residence:

The inability of Jones' trial counsel to recognize during Jones' article 11.072 evidentiary hearing that the email transactional logs and other confidential information PayPal voluntarily turned over to ICE agents without being forced

by a search warrant to turn over demonstrates the deficient performance Jones' trial counsel rendered. PayPal was no more than an intermediary between Jones and the owners of the "Home Collection" website operating from a location in Europe. Jones' trial counsel should have recognized that PayPal was not even a party. PayPal did nothing more than facilitate Jones' purchase of three one-month subscriptions between Jones and this commercial website. The information PayPal voluntarily turned over to these ICE agents thus went beyond any non-content information Jones divulged. PayPal divulged information protected by the Fourth Amendment. Through its transactional email logs and records, PayPal identified for these ICE agents Jones' online activities, his purchasing activities, and his personal contact information–information in which Jones possessed a reasonable expectation of privacy.

In rejecting this argument made by Jones and denying relief on point for review one, the court of appeals ruled:

> Here, ICE agents obtained appellant's subscription information from PayPal, which allowed them to discover appellant's name and address. Appellant did not have a reasonable expectation of privacy in this information. See *United States v. Perrine*, 518 F.3d 1196, 1204 (10th Cir.2008) ("Every federal court to address this issue has held that subscriber information provided to an internet provider is not protected by the Fourth Amendment's privacy expectation."); see *also United States v. Hambrick*, 225 F.3d 656 (4th Cir.2000) (per curiam) (unpublished), affirming *United States v. Hambrick*, 55 F.Supp.2d 504, 508–09 (W.D.Va.1999) (holding that there was no legitimate expectation of privacy in noncontent customer information provided to an internet service provider by one of its customers); *Russo v. State*, 228 S.W.3d 779, 802 (Tex.App.–Austin 2007, pet. ref d) (stating that there is no Fourth Amendment protection against the disclosure of subscriber information by internet service providers). This is because "[i]ndividuals generally lose a reasonable expectation of privacy in their information once they reveal it to third parties." *Guest v. Leis*, 255 F.3d 325, 335 (6th Cir.2001); see also *Barfield v. State*, 416 S.W.3d 743, 748–49 (Tex.App.–Houston [14th Dist.] 2013, no pet.) (holding that defendant does not have a reasonable expectation of privacy in cell-site location data because defendant voluntarily conveys information to third-party provider).

**B.    Legal analysis**

The court of appeals failed to address the primary argument asserted by Jones' in his first point for review.[1]  It confined its analysis to the issue of whether the Government was entitled to retrieve subscriber information from an internet provider without first obtaining a warrant.  Although this was the situation in *United States v. Perrine*, 518 F.3d 1196, 1204 (10th Cir.2008), it was not the primary contention made by Jones in asserting that his trial counsel rendered ineffective assistance of counsel in failing to pursue a suppression remedy.

Jones' primary contention on appeal was that the Government did not have the right to obtain from PayPal all transaction logs for transactions associated with the criminal organization and the commercial child pornography web sites and subscribers such as Jones without first obtaining a search warrant.  It was the information the Government obtained from these transaction logs which enabled ICE Agent Juanae Thompson to prepare a search warrant affidavit which connected Jones to child pornography and to the child pornography websites.  Without this information, Agent Thompson would have had not possessed sufficient facts in her

---

[1]For purposes of this review point, Petitioner will assume that the court of appeals' correctly determined that Pay-Pal is an internet provider even though it appears that Pay-Pal is not an "internet provider" or "internet service provider" within the context given to these terms by the courts.  See e.g. *United States v. Perrine,* 518 F.3d 1196, 1204 (10th Cir.2008).

search warrant affidavit which could have possibly enabled a neutral and detached magistrate to make a probable cause determination that Jones possessed child pornography on a home computers or at his residence.

Even if the court of appeals correctly cites to *Perrine* as authority that the Government was authorized to obtain Jones' name, address and phone number and internet provider subscriber-related information without a search warrant, it still failed to address Jones' primary Fourth Amendment argument that the Government had violated Jones' Fourth Amendment to be free from unreasonable searches by obtaining from PayPal without a search warrant all transaction logs between Jones and the criminal organization and the commercial child pornography web sites to which Jones subscribed. All of this information was content-based and not mere subscriber information. Thus, Jones asserts that the Government's decision to rely upon detailed transaction logs relating to electronic material Jones purchased for its search warrant went well beyond obtaining mere internet provider subscriber information. It was therefore error for the court of appeals to address only whether subscriber information was illegally obtained.

All of the cases cited in *United States v. Perrine,* supra, basically draw a distinction between the Government's right to obtain internet provider non-content subscriber information and its right to obtain content-related subscriber information.

The case *United States v. Hambrick*, 225 F.3d 656 (4th Cir.2000) (unpublished), affirming *United States v. Hambrick*, 55 F.Supp.2d 504, 508-09 (W.D.Va.1999), cited both in *United States v. Perrine* and the court of appeals in Jones' case illustrates this point. There, the Fourth Circuit held that there was no legitimate expectation of privacy in ***noncontent customer information*** provided to an internet service provider by one of its customers. Similarly, in *United States v. D'Andrea*, 497 F.Supp.2d 117, 120 (D.Mass.2007) -- also cited in *United States v. Perrine* and the court of appeals in this case, the federal court addressing the search and seizure issue presented ruled: "The *Smith* line of cases has led federal courts to uniformly conclude that internet users have no reasonable expectation of privacy in their subscriber information, the length of their stored files, and ***other noncontent data*** to which service providers must have access.") (emph. added). See also *Russo v. State*, 228 S.W3d 779, 802 (Tex.App.–Austin 2007, pet. ref'd) (recognizing that there is not Fourth Amendment protection against the disclosure of subscriber information by internet service providers). This ruling expressly excludes content-based data from the Fourth Amendment.

In Jones' case, the primary evidence the Government relied on to obtain the issuance of a search warrant against Jones consisted of content data extracted from transaction logs Pay-Pal voluntarily turned over to the Government. It was Jones'

contention in his article 11.072 writ application and on appeal that these transaction logs should have been obtained through a search warrant before they could be relied upon and used by the Government to obtain a search warrant for Jones' residence and computers and the hard drives located at his residence. Jones demonstrated that the link to child pornography contained on these transaction logs was illegally obtained by the Government, in violation of Jones' Fourth Amendment right to be free from illegal searches and seizures.

Thus, the court of appeals erred in failing to address Jones' contention that ICE Agent Thompson violated his right to be free from unreasonable searches and seizures under the Fourth Amendment and Texas law by securing a search warrant for his residence and the computers contained therein based on a search warrant affidavit which was itself based on illegally obtained evidence, i.e. the content-based transaction logs the Government voluntarily obtained from PayPal without a search warrant. In addressing only whether the Government was authorized to obtain from Pay-Pal subscriber information relating to Jones, the court of appeals failed to grant Petitioner Jones a meaningful review of the first point for review of his brief.

The court of appeals should have addressed whether the search warrant issued for the search of Jones' apartment was obtained from illegally obtained evidence since the transaction logs PayPal voluntarily turned over to the Government by

PayPal without a search warrant consisted of content-related information and not mere subscriber account information. Even if Jones' name, address, and phone number does qualify as "subscriber information", this non-content information is not the primary argument on which Jones' suppression argument was based. Jones' primary suppression argument was the link drawn to Jones and child pornography in the search warrant affidavit based on the content of transaction logs PayPal maintained. It was this content-based information that Jones primarily relied on in arguing that his trial counsel rendered ineffective assistance in failing to file and pursue a suppression motion to suppress the child pornography found on a computer and/or on hard drives taken from his residence.

Given the court of appeals' failure to even address whether the content-based transaction logs the Government relied on to obtain its search warrant was lawful, this Court should grant Jones' petition and order briefing of this point for review.

**2.** **The issue of whether content-based electronic information maintained by a third party intermediary's transaction logs is protected from warrantless search under the Fourth Amendment and by Article 1, Section 9 of the Texas Constitution is an issue of both state and federal law which has not, but should be, settled by the Texas Court of Criminal Appeals**

The United States Supreme Court has not squarely addressed the issue of whether content-based electronic information which one person provides to another through a third party intermediary is protected under the Fourth Amendment to the

United States Constitution. To-date, the Texas Court of Criminal Appeals has not addressed this issue, either. In contrast, several courts of appeals have written opinions which at least partially address the issue. With the exception of subscriber information a person voluntarily provides to an internet service provider, several federa; court have recognized that a Fourth Amendment privacy interest is generally implicated in electronic communications between two persons which is not intended to be viewed by the public at large. In *United States v. Warshak*, 631 F.3d 266, 288 (6th Cir. 2010), for example, the Sixth Circuit observed that the content of "email requires strong protection under the Fourth Amendment; otherwise, the Fourth Amendment would prove an ineffective guardian of private communication, an essential purpose it had long been recognized to serve." *Id.,* 286. It further held that a subscriber enjoys a reasonable expectation of privacy in the contents of emails "that are stored with, or sent or received through, a commercial [Internet service provider (ISP)] and further held that "to the extent that [the Stored Communications Act (SCA), 18 USC section 2703] purports to permit the government to obtain such emails warrantlessly, the SCA is unconstitutional. *Warshak*, at 288. This

In *United States v. Hamilton*, 701 F.3d 404 (4th Cir. 2012), the Fourth Circuit reached a similar conclusion by stating: "[E]mail has become the modern stenographer. . . . [E]mails today, `in common experience,' are confidential." *Id*. at

408 (citation omitted). The Fifth and Ninth Circuits have similarly recognized that a defendant has a reasonable expectation of privacy with respect to "private information, including emails." See *United States v. Zavala*, 541 F.3d 562, 577 (5th Cir.2008); and *United States v. Forrester*, 512 F.3d 500, at 511 (9th Cir. 2007) (holding that "The privacy interests in these two forms of communication [email and traditional mail] are identical.").  One court, comparing  private facebook messages to email, has stated that both are "inherently private" because such messages "are not readily accessible to the general public." *Crispin v. Christian Audigier, Inc.*, 717 F.Supp.2d 965, 991 (C.D.Cal.2010). Moreover, where the service provider is no more than a conduit or intermediary which "passively convey[s]" that information to an end-user, the Ninth Circuit has concluded that the material is generally not subject to any claim that the information constitutes business records of the internet service provider. *Forrester*, supra at 510.

The transaction logs in the present case involved content-based confidential communications between Jones and the internet websites through which he had ordered the three one month subscriptions from internet websites. PayPal's only role in its dealings with Jones was to serve as a third party intermediary by facilitating the buy-sell transaction initiated between Jones and websites through which he was purchasing digital images.  Consequently, Jones would assert that he had a reasonable

expectation that the content of his communications with these websites would be protected by PayPal, much like the federal courts have recognized the privacy of email communications are protected. See e.g. *United States v. Zavala*, 541 F.3d 562, 577 (5th Cir.2008). The issue of whether content-based information such as the transaction logs in this case should have been obtained by the Government through a search warrant pursuant to the Fourth Amendment or pursuant to Article 1, Section 9 of the Texas Constitution is an issue which has not been, but should be settled by the Court of Criminal Appeals. For this reason, review should be granted.

**3.    The court of appeals' determination that probable cause can exist to issue a search warrant where a specific offense is not identified and that the facts alleged in the search warrant affidavit can almost never become stale where the objective of the search warrant is to locate child pornography has resulted in the decision of an important question of state law in a way which conflicts with applicable decisions of the United States Supreme Court**

The ICE agents executing the search warrant did not examine or search the content of the computers and storage devices (hard drives) they seized. CR 13. Instead, they took these items to a forensic expert to be examined. CR 13; RR 1, 168. The three computers and two disc drives seized from Jones' residence were not returned to Jones until approximately 18 months after they were seized by these ICE agents. CR 14. The delay in returning these items occurred even though the forensics expert who examined them purportedly completed his forensic analysis in August of

2009. CR 14. Jones was not arrested until on or about October 28, 2010 and was not indicted until December 16, 2010. CR 14. The subscriptions Jones purchased from the Home Collection web sites in connection with this case were of a one month duration only. CR 14. Further, there was no allegation in the search warrant affidavit that Jones or any one else accessed these websites or downloaded any of the images from the pornographic websites referenced in Juana Thompson's search warrant affidavit. RR 1, Defendant's Exh. 2, pp. 14-20. There was also no link drawn between any specific computer or address where child pornography might be found. In fact, the information set forth in Thompson's search warrant affidavit requested the issuance of a search warrant for a residence address which was different than the address listed in Pay-Pal's customer account records. Id.

The United States Supreme Court has held that probable cause to search "exist[s] where the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found" in the location to be searched. *Ornelas v. United States*, 517 U.S. 690, 696 (1996). The Supreme Court also recognized in *Sgro v. United States*, 287 U.S. 206, 211 (1932) that in order for a search warrant to be valid, "the time within which proof of probable cause must be taken by the judge or commissioner...must be of facts so

closely related to the time of the issuance of the warrant as to justify a finding of probable cause at that time."

In Jones' case, the facts alleged in the search warrant affidavit Juanae Thompson executed did not set forth sufficient facts to establish probable cause that a specific offense had been committed. The only evidence the State had in its possession was evidence that on November 1, 2006 an individual using the e-mail address of kgj01@hotmail.com purchased a membership to "Hot Girls Photos" (aka Angel Collection 1010) for $79.95 payable, via PayPal; that on January 21, 2007 an individual using the e-mail address of kgj01@hotmail.com had purchased a one-month on-line membership to "Real Lola Issue #2" for $79.95 payable, via PayPal; and that on January 25, 2007 an individual using the e-mail address of kgj01@hotmail.com purchased a membership to "Plazma Girls" for $79.95 payable, via PayPal. The search warrant affidavit thus revealed that these one-month subscription purchases occurred more than two years before the February 19, 2009 affidavit Juanae Thompson executed for a search warrant. However, it failed to allege facts which established whether Jones had downloaded images of child pornography from these websites or that the specific offense of child pornography or some other specific offense had been committed.

Without evidence that there had been a transmission of digital images onto a computer belonging to Jones from any of the Home Collection websites Jones had subscribed to, there was no basis for making a probable cause finding that the felony offense of child pornography or some other specific offense had been committed by Jones. See *United States v. Perez*, 247 F. Supp. 2d 459, 483-484(S.D.N.Y. 2003) (holding that subscription to known child pornography website created a "chance, but not a fair probability that child pornography would be found."). Moreover, the fact that Jones' last Home Collection subscription had been made roughly 24 months prior to the date the search warrant affidavit was executed rendered the information contained in the affidavit stale.

Despite the Supreme Court holding that for probable cause to be established the facts alleged in a search warrant affidavit must be so closely related to the time of the issuance of the warrant, the court of appeals rejected the staleness doctrine because this was a child pornography case. In doing so, it gave undue consideration to the affiant's statement that "[p]eople who have a sexual interest in children or minors rarely, if ever, dispose of their sexually explicit materials." In effect, it erroneously rejected the staleness doctrine mandated by the United States Supreme Court by finding that the very old facts alleged in the affidavit for the search warrant prepared in Jones' case established probable cause for the search of his residence.

**PRAYER**

Wherefore, premises considered, Petitioner Kerry Jones prays the Texas Court of Criminal Appeals will grant his petition for discretionary review on all three points for review presented, order briefing, and remand this case to the court of appeals below for reconsideration of the merits of his appeal.

Respectfully Submitted,

*/s/    James D. Lucas*
JAMES D. LUCAS
Counsel for Kerry Jones
2316 Montana Avenue
El Paso, Texas 79903
Tel. (915) 532-8811
Fax (915) 532-8807
SBN 12658300
jlucas2@elp.rr.com

**CERTIFICATE OF COMPLIANCE WITH RULE 9.4**

This brief filed in support of thereof comply with the type-volume limitations of 9.4.  The brief contain 4,668 words, excluding the parts of the brief exempted by 9.4(1); and this brief complies with the typeface requirements of 9.4(e) because this brief has been prepared in a proportionally spaced typeface using Corel Word Perfect in Times New Roman, 14-point.

*/s/    James D. Lucas*
JAMES D. LUCAS

## CERTIFICATE OF SERVICE

I, James D. Lucas, hereby certify that on the 30th day of November, 2015, a true and correct copy of the foregoing petition for discretionary review filed by Petitioner, Kerry G. Jones, was served on the Office of the District Attorney for Harris County, Texas and the State Prosecuting Attorney, by electronic means.

_/s/    James D. Lucas_
JAMES D. LUCAS

# APPENDIX

EXHIBIT A.       COA OPINION

EXHIBIT B.       COA JUDGMENT

**EXHIBIT A.     COA OPINION**

**Affirmed and Opinion filed August 18, 2015.**



In The

# Fourteenth Court of Appeals

_____

NO. 14-14-00488-CR
NO. 14-14-00489-CR
NO. 14-14-00490-CR

_____

## EX PARTE KERRY G. JONES

**On Appeal from the 230th District Court
Harris County, Texas
Trial Court Cause Nos. 1283328-A, 1283329-A & 1283330-A**

## O P I N I O N

Appellant Kerry G. Jones appeals the denial of his post-conviction application for writ of habeas corpus, arguing that he was denied effective assistance of counsel on the grounds that his trial counsel failed to file a motion to suppress. We affirm.

BACKGROUND

In April 2006, the child exploitation section of the United States Immigration and Customs Enforcement Agency (ICE) initiated an investigation into a criminal organization operating a commercial child pornography website known as "The Home Collection." The investigation lasted three years and subscribers to the website were identified through purchaser transactions obtained from bank account records. The bank records revealed that a person using a PayPal account registered to appellant purchased subscriptions to the website. Using the bank records, the police were able to obtain appellant's name and physical address.

On February 19, 2009, the police executed a search warrant to seize three computers and two hard drives from appellant's home. A forensic analysis of the computers and hard drives disclosed over 433 digital images of child pornography on appellant's computer.

Appellant was indicted for three counts of the third degree felony offense of possession of child pornography. Appellant pleaded guilty to all three counts. The trial court deferred an adjudication of appellant's guilt and placed him on community supervision for five years.

On July 9, 2012, appellant filed an application for post-conviction writ of habeas corpus pursuant to Article 11.072 of the Texas Code of Criminal Procedure. He alleged that he was denied his claim of ineffective assistance of counsel, among several other claims. The trial court conducted a hearing and entered an order denying relief.

## STANDARD OF REVIEW

We review a trial court's determination on an application for writ of habeas corpus for abuse of discretion. *Ex parte Fassi*, 388 S.W.3d 881, 886 (Tex. App.—

Houston [14th Dist.] 2012, no pet.). An applicant seeking post-conviction habeas corpus relief bears the burden of establishing by a preponderance of the evidence that the facts entitle him to relief. *Id*. The trial court is the sole finder of fact in a habeas proceeding. *Ex parte Harrington*, 310 S.W.3d 452, 457 (Tex. Crim. App. 2010). In reviewing the trial court's decision to grant or deny relief, we view the facts in the light most favorable to the trial court's ruling. *Ex parte Fassi*, 388 S.W.3d at 886. We afford almost total deference to the trial court's findings, especially when those findings are based on an evaluation of credibility and demeanor. *Ex parte Amezquita*, 223 S.W.3d 363, 367 (Tex. Crim. App. 2006). We will uphold the trial court's judgment as long as it is correct on any theory of law applicable to the case. *Ex parte Taylor*, 36 S.W.3d 883, 886 (Tex. Crim. App. 2001) (per curiam).

## ANALYSIS OF APPELLANT'S ISSUE

Appellant contends that the trial court erred by denying him relief on his claim of ineffective assistance of counsel because his trial counsel failed to file a motion to suppress the child pornography seized from the computers and hard drives at his apartment. Appellant argues that his trial counsel should have filed a motion to suppress because (1) the information set forth in the search warrant affidavit was obtained from PayPal without a warrant; and (2) the search warrant affidavit failed to set forth sufficient facts to establish probable cause.

To prevail on a claim of ineffective assistance of counsel, appellant must satisfy the two-prong test by a preponderance of the evidence showing that: (1) his attorney's performance was deficient; and (2) his attorney's deficient performance deprived him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984); *Ex parte Chandler*, 182 S.W.3d 350, 353 (Tex. Crim. App. 2005). Under the first prong, appellant must show that counsel's performance was deficient to

3

the extent that counsel failed to function as the "counsel" guaranteed by the Sixth Amendment. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). Under the second prong, appellant must establish that counsel's deficient performance prejudiced the defense. *Id*. Prejudice is established by a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*.

A trial counsel's failure to file a motion to suppress is not per se ineffective assistance of counsel. *Wert v. State*, 383 S.W.3d 747, 753 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (citing *Kimmelman v. Morrison*, 447 U.S. 365, 384 (1986)). Counsel is not required to engage in the filing of futile motions. *Id*. (citing *Mooney v. State*, 817 S.W.2d 693, 698 (Tex. Crim. App. 1991)). To prevail on an ineffective assistance claim based on counsel's failure to file a motion to suppress, appellant must show by a preponderance of the evidence that the result of the proceeding would have been different—i.e., that the motion to suppress would have been granted and that the remaining evidence would have been insufficient to support his conviction. *See Jackson v. State*, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998) (holding that appellant is required to prove motion to suppress would have been granted to prove ineffective assistance of counsel).

### *No Expectation of Privacy in Subscription Information*

Appellant first complains that a motion to suppress should have been filed because the information contained in the search warrant affidavit was obtained without a warrant. Appellant argues that a warrant was required to obtain his subscription information from PayPal.

The purpose of the Fourth Amendment is to safeguard an individual's legitimate expectation of privacy from unreasonable government intrusions. *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996). A defendant has

4

standing to challenge the admission of evidence obtained by an intrusion by the government only if he had a legitimate expectation of privacy in the place invaded. *Id*. The accused, as the party asserting the privacy expectation, has the burden of proving facts to establish that such an expectation exists. *Id*. To establish a constitutionally protected privacy interest in a possession, an accused must show that (1) he had an actual, subjective expectation of privacy in the invaded possession, and (2) his expectation of privacy was one that society accepts as objectively reasonable. *Id*.; *see Smith v. Maryland*, 442 U.S. 735, 740 (1979).

Here, ICE agents obtained appellant's subscription information from PayPal, which allowed them to discover appellant's name and address. Appellant did not have a reasonable expectation of privacy in this information. *See United States v. Perrine*, 518 F.3d 1196, 1204 (10th Cir. 2008) ("Every federal court to address this issue has held that subscriber information provided to an internet provider is not protected by the Fourth Amendment's privacy expectation."); *see also United States v. Hambrick*, 225 F.3d 656 (4th Cir. 2000) (per curiam) (unpublished), *affirming United States v. Hambrick*, 55 F. Supp. 2d 504, 508−09 (W.D. Va. 1999) (holding that there was no legitimate expectation of privacy in noncontent customer information provided to an internet service provider by one of its customers); *Russo v. State*, 228 S.W.3d 779, 802 (Tex. App.—Austin 2007, pet. ref'd) (stating that there is no Fourth Amendment protection against the disclosure of subscriber information by internet service providers). This is because "[i]ndividuals generally lose a reasonable expectation of privacy in their information once they reveal it to third parties." *Guest v. Leis*, 255 F.3d 325, 335 (6th Cir. 2001); *see also Barfield v. State*, 416 S.W.3d 743, 748−49 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (holding that defendant does not have a reasonable expectation of privacy in cell-site location data because defendant

5

voluntarily conveys information to third-party provider). "What a person knowingly exposes to the public . . . is not a subject of Fourth Amendment protection." *Katz v. United States*, 389 U.S. 347, 351 (1967). Accordingly, the Supreme Court has consistently held that a "person has no legitimate expectation of privacy in information he voluntarily turns over to third parties." *Smith*, 442 U.S. at 743−44.

Because appellant did not have a reasonable expectation of privacy in his subscription information, ICE agents were not required to secure a warrant in order to obtain it. Appellant has failed to show that a motion to suppress would have been granted on this ground. *See Jackson*, 973 S.W.2d at 957.

### *Search Warrant Affidavit*

Appellant also asserts that a motion to suppress should have been filed because the search warrant affidavit failed to set forth sufficient facts which could establish probable cause for possession of child pornography. Specifically, appellant contends that (1) his subscriptions to the websites did not establish probable cause for possession of child pornography, and (2) the information in the search warrant affidavit was stale.

When reviewing the magistrate's decision to issue a warrant, the court applies a highly deferential standard because of the constitutional preference for searches to be conducted pursuant to a warrant as opposed to a warrantless search. *State v. McLain*, 337 S.W.3d 268, 271 (Tex. Crim. App. 2011). A court does not analyze the affidavit in a hyper-technical manner. *Rodriguez v. State*, 232 S.W.3d 55, 59 (Tex. Crim. App. 2007). Instead, it interprets the affidavit in a commonsensical and realistic manner, recognizing that the magistrate may draw reasonable inferences. *Id*. at 61. When in doubt, we defer to all reasonable inferences that the magistrate could have made. *Id*. If the magistrate had a

6

substantial basis for concluding that probable cause existed, a court will uphold the magistrate's probable cause determination. *McLain*, 337 S.W.3d at 271.

A search warrant must be accompanied by a sworn affidavit that sets forth substantial facts establishing probable cause. *See* Tex. Code Crim. Proc. art. 18.01(b). In addition, the affidavit must set forth sufficient facts to establish probable cause, showing that (1) a specific offense has been committed; (2) the specifically described item to be seized constitutes evidence of the offense or evidence that a particular person committed the offense; and (3) the item is located at or on the person, place, or thing to be searched. Tex. Code Crim. Proc. art. 18.01(c). An affidavit supporting a search warrant is sufficient if, from the totality of the circumstances reflected in the affidavit, the magistrate was provided with a substantial basis for concluding that probable cause existed. *See State v. Duarte*, 389 S.W.3d 349, 354 (Tex. Crim. App. 2012). We look at the four corners of the affidavit in determining whether there is probable cause to search the identified locations. *Massey v. State*, 933 S.W.2d 141, 148 (Tex. Crim. App. 1996).

Appellant contends that the mere fact that he made four one-month purchases for child pornography websites fails to establish probable cause that he committed the offense of possession of child pornography. The affidavit alleged that a child pornography website known as "Home Collection" offered individuals monthly access to websites that provided images of child pornography for a specific fee. The affidavit provided that an individual using the email address of kgj01@hotmail.com purchased several one-month memberships to "Lust Collections," "Hot Girl Photos," "Real Lola Issue #2," and "Plazmas Girls." The memberships were $79.95 each, payable, via PayPal, to email addresses determined to be associated with a criminal organization that facilitated the processing of membership payments to commercial child pornography websites.

The affidavit further stated that PayPal provided the ICE agents with buyer contact information, which identified kgj01@hotmail.com as appellant. Considering the totality of the circumstances, the magistrate could have reasonably inferred from the facts set forth in the affidavit that appellant possessed child pornography. The magistrate could have reasonably concluded a probability existed that child pornography would be found at appellant's residence. *See State v. Cotter*, 360 S.W.3d 647, 653 (Tex. App.—Amarillo 2012, no pet.)

Appellant also argues that the information in the affidavit is stale because the affidavit was made two years after he purchased the subscriptions to the websites. To justify a magistrate's finding that an affidavit is sufficient to establish probable cause to issue a search warrant, the facts set out in the affidavit must not have become stale when a magistrate issues the search warrant. *State v. Dugas*, 296 S.W.3d 112, 116 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd). Probable cause ceases to exist when, at the time the search warrant is issued, it would be unreasonable to presume the items remain at the suspected place. *Id*. However, where the affidavit properly recites facts indicating activity of a protracted and continuous nature, a course of conduct, the passage of time becomes less significant. *Jones v. State*, 364 S.W.3d 854, 861 (Tex. Crim. App. 2012). The proper method to determine whether the facts supporting a search warrant have become stale is to examine, in light of the type of criminal activity involved, the time elapsing between the occurrence of the events set out in the affidavit and the time the search warrant is issued. *Dugas*, 296 S.W.3d at 116.

The challenged affidavit was created on February 19, 2009. The affiant stated that she received the case as a result of a joint investigation into a criminal organization operating over eighteen commercial child pornography websites. The organization utilized PayPal accounts to process payments made by individuals

purchasing memberships to the child pornography websites. The affiant stated that records indicated that a PayPal account registered to appellant purchased four one-month memberships to the websites. The purchases were made on October 12, 2006, November 1, 2006, January 21, 2007, and January 25, 2007.

The magistrate could have reasonably concluded that the pornographic images were still on appellant's computer at his apartment at the time the warrant was issued. Federal courts have repeatedly recognized that in child pornography cases, collectors of child pornography tend to retain this material. *See United States v. Cox*, 190 F. Supp. 2d 330, 333 (N.D. N.Y. 2002); *see also United States v. Ricciardelli*, 998 F.2d 8, 12 n.4 (1st Cir. 1993) (noting that "[h]istory teaches that collectors [of child pornography] prefer not to dispose of their dross, typically retaining obscene materials for years"). Here, the affiant stated that "[p]eople who have a sexual interest in children or minors rarely, if ever, dispose of their sexually explicit materials." *See Steele v. State*, 355 S.W.3d 746, 751 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) (concluding that magistrate could have reasonably concluded defendant continued to be in possession of child pornography because affidavit proved "expert testimony that persons sexually attracted to children tend to collect sexually explicit photographs of children, treating the photographs as prized possessions, of which they rarely dispose"); *see also Morris v. State*, 62 S.W.3d 817, 823−24 (Tex. App.—Waco 2001, no pet.) (providing that where affidavit indicates activity of continuous nature, magistrate could have reasonably inferred that defendant had possession of pornography for substantial period of time, i.e., one-and-a-half years).

Thus, the affidavit contained sufficient information from which the magistrate had a substantial basis under the totality of the circumstances for concluding that probable cause existed that the computer and hard drives at

appellant's apartment contained child pornography. *See Sanders v. State*, 191 S.W.3d 272, 279−80 (Tex. App.—Waco 2006, pet. ref'd) (holding that information obtained two years before warrant executed was not stale); *Burke v. State*, 27 S.W.3d 651, 655 (Tex. App.—Waco 2000, pet. ref'd) (providing that information obtained one year before warrant executed was not stale).

We conclude that the facts and circumstances submitted to the magistrate within the "four corners" of the affidavit provide a substantial basis for the magistrate's conclusion that child pornography would probably be found at appellant's apartment at the time the warrant was issued. Thus, the affidavit was sufficient to establish probable cause. Because appellant cannot show that a motion to suppress alleging these grounds would have been granted, appellant has failed to show that he received ineffective assistance of counsel. *See Jackson*, 973 S.W.2d at 957. Accordingly, the trial court did not abuse its discretion by denying appellant's post-conviction writ of habeas corpus.

## CONCLUSION

We overrule appellant's issues and affirm the trial court's judgment denying relief.

/s/     Ken Wise
          Justice

Panel consists of Justices Christopher, Donovan, and Wise.
Publish — TEX. R. APP. P. 47.2(b).

**EXHIBIT B.     COA JUDGMENT**



# JUDGMENT

# The Fourteenth Court of Appeals

### EX PARTE KERRY G. JONES, Appellant

NO. 14-14-00488-CR
NO. 14-14-00489-CR
NO. 14-14-00490-CR

_____

This cause was heard on the transcript of the record of the court below. Having considered the record, this Court holds that there was no error in the judgment. The Court orders the judgment **AFFIRMED**.

We further order this decision certified below for observance.

Print this page

# Envelope 8022819

## Case Information

| | |
|---|---|
| Location | Court Of Criminal Appeals |
| Date Filed | 11/30/2015 07:12:28 PM |
| Case Number | |
| Case Description | |
| Assigned to Judge | |
| Attorney | James Lucas |
| Firm Name | James D. Lucas |
| Filed By | James Lucas |
| Filer Type | Not Applicable |

## Fees

| | |
|---|---|
| Convenience Fee | $0.00 |
| Total Court Case Fees | $0.00 |
| Total Court Filing Fees | $0.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Service Tax Fees | $0.00 |
| Total Provider Service Fees | $0.00 |
| Total Provider Tax Fees | $0.00 |
| Grand Total | $0.00 |

## Payment

| | |
|---|---|
| Account Name | James D. Lucas |
| Transaction Amount | $0.00 |
| Transaction Response | |
| Transaction ID | 13076974 |
| Order # | 008022819-0 |

## Original Proceeding Petition

| | |
|---|---|
| Filing Type | EFile |
| Filing Code | Original Proceeding Petition |
| Filing Description | Petition for Discretionary Review |
| Reference Number | PD-1373 &1374 & 1375-15 |
| Comments | |
| Courtesy Copies | information@spa.texas.gov |
| Status | Rejected |

## Fees

| | |
|---|---|
| Court Fee | $0.00 |
| Service Fee | $0.00 |

## Rejection Information

| Rejection Reason | Time | Rejection Comment |
|---|---|---|
| | 12/01/2015 | The petition for discretionary review does not contain a certification in compliance |

| Other | 03:20:39 PM | with T.R.A.P. 9.4(i)(3); it indicates a word count of 4668 exceeding the word limit of 4500. You have ten days to tender a corrected petition for discretionary review. |

## Documents

| *Lead Document* | PDR Kerry G. Jones.pdf | [Original] |